[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11036

_____

D.C. Docket No. 5:12-cv-03509-AKK

JOHN LARY,

Plaintiff-Appellant,

versus

TRINITY PHYSICIAN FINANCIAL & INSURANCE SERVICES,
a foreign corporation,
JOSEPH HONG,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 13, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and ROSENTHAL,[*]
District Judge.

---

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas,
sitting by designation.

WILLIAM PRYOR, Circuit Judge:

In this appeal we must resolve several issues arising out of a default judgment in favor of John Lary's complaint that Joseph Hong and Trinity Physician Financial & Insurance Services used an automatic telephone dialing system to send an unsolicited advertisement to Lary's emergency telephone line in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227: (1) whether a single fax can serve as the basis for two separate violations of the Act; (2) whether the district court erred when it decided that Lary's complaint was ineligible for treble damages; and (3) whether the district court erred when it denied Lary a permanent injunction, denied his discovery motions, and failed to award Lary costs. Although the district court erred when it limited each fax to a single violation of the Act, the error was harmless. And on every other issue, the district court committed no error. We affirm.

## I. BACKGROUND

In October 2012, Lary filed a *pro se* complaint against Hong and Trinity in which he alleged that they sent him a fax in violation of two provisions of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227(b)(1)(A)(i), (b)(1)(C). Lary alleged that he practices medicine in his health care facility in Madison County, Alabama, where he maintains a fax machine connected to an emergency telephone line. Trinity is a corporation organized under the laws of California, and Hong is

2

an owner and agent of Trinity. A third defendant, listed as "X," was an unknown person or entity who supplied Lary's telephone number to Trinity and Hong. On October 2, 2012, Trinity, Hong, and "X" used an automatic telephone dialing service to place a call to Lary's emergency telephone number to send a commercial advertisement to Lary. Lary also alleged that the defendants' violations of the Act were made "willfully" and "knowingly." He sought statutory damages of $1,500 per violation of the Act, for a total of $3,000, and a permanent injunction against the defendants.

Lary filed requests for admissions of facts from Hong, and he filed interrogatories and a request for documents from Trinity. Lary then moved to hold Trinity and Hong in contempt for failure to respond to his discovery requests, and Lary moved to compel Hong to reveal the identity of "X."

Hong and Trinity filed a "Notice of Withdrawal of Defense," in which they alerted the district court that they would no longer mount a defense, that they would accept a default judgment, and that they left it to the district court to determine damages. The district court directed the clerk to enter a default judgment and ordered Lary to file a motion for a default judgment with supporting affidavits. The district court also denied Lary's discovery motions.

Despite his allegation of only a single fax in his complaint, Lary attached an affidavit to his motion for default judgment that stated that he had been sent two

3

unsolicited commercial faxes, one on March 5 and one on October 2. Lary argued that he should receive $6,000 in damages because each fax amounted to two violations of the Act, and the award for each violation should be trebled because they were made "willfully or knowingly," 47 U.S.C. § 227(b)(3). He also argued that he should receive a permanent injunction against Hong and Trinity. Lary later moved the court to "expressly award[]" him costs, to be "calculated by the clerk of court."

The district court granted Lary $1,000 in damages, based on statutory damages of $500 for each fax. The district court found that the defendants sent Lary two unsolicited advertisements, in violation of sections 227(b)(1)(C) and 227(b)(1)(A)(i) of the statute, but that each fax constituted only a single violation. The district court declined to treble the damages because Lary had "failed to establish that [the d]efendants willfully or knowingly violated the statute." The district court also declined to grant Lary a permanent injunction because he had failed to establish a likelihood of "future harm." The district court did not address Lary's request for costs.

## II. STANDARDS OF REVIEW

Two standards of review govern this appeal. We review *de novo* the interpretation of a federal statute, *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006). We review for abuse of discretion the denial of a permanent

4

injunction, *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1349 (11th Cir. 2009), decisions about discovery, *United States v. R&F Props. of Lake Cnty., Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005), and the decision whether to award costs to the prevailing party, *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).

### III. DISCUSSION

We divide our discussion in three parts. First, we explain that the district court erred when it ruled that each fax constituted only one violation of the Act, but that the error was harmless because the district court awarded the correct amount of damages. Second, we explain that the district court did not err when it ruled that Lary failed to establish that Hong or Trinity "willfully or knowingly" violated the Act. Third, we explain that the district court did not err when it denied Lary a permanent injunction, denied Lary's motions for discovery, and declined to award Lary costs when he failed to comply with the local rules on taxing costs.

*A. The District Court Erred When it Ruled That a Single Fax Cannot Amount to Two Separate Violations of the Act, But the Error Was Harmless.*

"[T]aking on the role of a private attorney general under the Telephone Consumer Protection Act," *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 461 (6th Cir. 2010), Lary argues that the district court erred when it computed damages by treating each fax as a single violation of the Act because each fax violated two subparts of the Act, and so each fax amounted to *two* violations. We agree, but the error is harmless.

5

Section 227(b)(1) of the statute lists four distinct prohibitions, and each of the faxes violated two of these prohibitions. Section 227(b)(1)(A)(i) prohibits "any call . . . using any automatic telephone dialing system . . . to any emergency telephone line." 47 U.S.C. § 227(b)(1)(A)(i). Section 227(b)(1)(C) prohibits the use of "any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement," unless it falls under certain exceptions not relevant here. *Id*. § 227(b)(1)(C). When Trinity and Hong used—or employed a third-party to use—an "automatic telephone dialing system" to place a call to "an emergency telephone line," they committed a violation of the Act, regardless of what message they transmitted. When Trinity and Hong used that call to "send" an "unsolicited advertisement," they committed another violation of the Act, and this call would have been a violation even if they had not sent the advertisement to an emergency line.

Nowhere does section 227(b) suggest that a continuous course of conduct is limited to a single violation. Section 227(b)(3) of the statute describes the remedies that a plaintiff can seek:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring . . .
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

6

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater.

*Id*. § 227(b)(3). The phrase "each such violation" in subpart (B) has no possible antecedent in the introductory paragraph, so it must refer to something from subpart (A). Ordinarily, the scope of a subpart is limited to that subpart, *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 156 *(*2012) ("Material within an indented subpart relates only to that subpart."), but here subpart (B) makes no sense unless "each such violation" refers to something elsewhere in the text. The only reasonable antecedent is in subpart (A). *See id.* at 144 ("A pronoun, relative pronoun, or demonstrative adjective generally refers to the nearest reasonable antecedent."). And the only phrase in subpart (A) that could be an antecedent for "each such violation" is the phrase "a violation of this subsection or the regulations prescribed under this subsection." 47 U.S.C. § 227(b)(3)(A).

In plain terms, the statute allows a person to recover "$500 in damages for each" "violation of this subsection." *Id.* § 227(b)(3). Section 227(b)(1) has no language limiting the recovery to $500 per "call" or "fax." *Cf. Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) (holding that a plaintiff can recover under section 227(b)(3) and section 227(c)(5) even if both violations arose from the same call). By contrast, other subsections of the statute suggest that damages should be

awarded per "call." *See, e.g.*, *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 631 n.7 (6th Cir. 2009) (citation omitted) (contrasting section 227(c)(5), which uses the word "call," with section 227(b)(3), which does "not even contain the word 'call'").

Although the district court erred when it limited the damages award to $500 per fax, the error was harmless because the district court nevertheless entered the correct award of damages. In his complaint, Lary alleged that Hong and Trinity sent one fax to his emergency line on October 2. But later, in his motion for a default judgment, Lary stated that he received two faxes: one on March 5 and one on October 2. The district court calculated damages based on its determination that Hong and Trinity had sent two faxes to Lary, but the violation for the March 5 fax should not have been included in the judgment. "A default judgment must not differ in kind from . . . what is demanded in the pleadings." Fed. R. Civ. P. 54(c). It is well settled that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," but "[t]he defendant is not held to admit facts that are not well-pleaded." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Hong and Trinity cannot, by default judgment, be held liable for a fax that was not alleged in the complaint. *See Whittlesey v. Weyerhauser Co.*, 640 F.2d 739, 742 (5th Cir. Unit A Mar. 1981) (holding that the district court erred when it entered separate default judgments against three defendants when the

complaint was filed against all three defendants jointly). The district court should have granted Lary $1,000 in damages, based on two violations of the Act, arising out of the fax on October 2 instead of entering an award of the same amount for single violations arising out of separate faxes on October 2 and March 5. Accordingly, Lary has not established that any error by the district court harmed him.

### B. Lary Failed to Establish That Hong and Trinity "Willfully or Knowingly" Violated the Act.

Lary argues that he was eligible to receive treble damages because the defendants violated the Act "willfully or knowingly," but his argument fails. Section 227(b)(3) provides that a court may, "in its discretion," award treble damages if the "defendant willfully or knowingly violated this subsection." 47 U.S.C. § 227(b)(3). Because Lary failed to allege facts or present evidence to establish that Hong and Trinity knew they sent a fax to an emergency line or that the advertisement was unsolicited, the district court did not err when it ruled that Lary was ineligible for treble damages.

The requirement of "willful[] or knowing[]" conduct requires the violator to know he was performing the conduct that violates the statute. *Cf. Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) ("The [Act] does not require any intent for liability except when awarding treble damages."). For example, to violate section 227(b)(1)(A)(i), a defendant must know that he is using

9

an "automatic telephone dialing system" to place a "call," and that the call is directed toward an "emergency" line. *Id*. § 227(b)(1)(A)(i). If we interpreted the statute to require only that the violator knew he was making a "call" or sending a fax, the statute would have almost no room for violations that are *not* "willful[] or knowing[]." *See Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012) ("Such a broad application of 'willful[]' or 'knowing' would significantly diminish the statute's distinction between violations that do not require an intent, and those willful[] and knowing violations that [C]ongress intended to punish more severely.").

Lary failed to establish that Hong or Trinity "willfully or knowingly" violated the Act. In his complaint, Lary never alleged that Hong or Trinity knew that they placed a call to an emergency line, as required by section 227(b)(1)(A)(i). And although Lary alleged that Hong and Trinity "us[ed] or caus[ed] others to use a . . . device to send" an unsolicited advertisement to Lary's fax machine, he failed to allege that Hong and Trinity knew the advertisement was unsolicited, as required by section 227(b)(1)(C). In Lary's own affidavit attached to his motion for a default judgment, he averred that Hong used a third party to send out advertisements, which suggests that Hong and Trinity might have had no knowledge that Lary received a particular fax. And the bare assertion in Lary's complaint that the defendants "willfully" and "knowingly" violated the Act was a

10

legal conclusion, not an allegation of fact that we must accept as true. *Nishimatsu*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

*C. The District Court Did Not Err When It Denied Lary a Permanent Injunction, Denied His Discovery Requests, and Declined to Award Him Costs.*

Lary argues that the district court erred when it denied his request for a permanent injunction, denied his discovery motions, and declined to award him costs, but we disagree. Because Lary established neither a likelihood of future harm nor the inadequacy of his remedy at law, he was not entitled to an injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 1667 (1983) ("[S]tanding to seek the injunction requested depend[s] on whether [the plaintiff] [i]s likely to suffer future injury."); *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) ("Under traditional equitable principles, a plaintiff seeking a permanent injunction must demonstrate . . . remedies available at law . . . are inadequate to compensate for that injury."). Lary submitted his discovery motions to the district court after the deadline for such motions passed, so the district court did not abuse its discretion when it denied them. And Lary appears to have overlooked the procedural requirements for obtaining an award of costs. The local rules of the district court require a party to submit a request for costs to the court clerk: "Requests for taxation of costs (other than attorneys' fees) under [Federal Rule of Civil Procedure] 54(d) shall be filed with the Clerk within

11

20 days after entry of judgment." N.D. Ala. LR. 54.1. The record contains nothing to suggest that Lary filed such a request with the clerk.

## IV. CONCLUSION

We **AFFIRM** the judgment of the district court.