RADHA GEISMANN, M.D., P.C., individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

ZOCDOC, INCORPORATED, Defendant–Appellee,

John Does 1–10, Defendants.*

**Docket No. 14-3708**
**August Term, 2014**

United States Court of Appeals,
Second Circuit.

Argued: June 5, 2015

Final Submission: February 1, 2016

Decided: March 9, 2017

* The Clerk of Court is respectfully directed to amend the official caption to conform to the caption as it appears above.

GLENN L. HARA (David M. Oppenheim, on the brief), Anderson + Wanca, Rolling Meadows, Illinois, for Plaintiff–Appellant.

BLAINE C. KIMREY (Charles J. Nerko, Vedder Price P.C., New York, New York, Bryan K. Clark, on the brief), Vedder Price P.C., Chicago, Illinois, for Defendant–Appellee.

Before: SACK, HALL, and CARNEY, Circuit Judges.

SACK, Circuit Judge:

Plaintiff–appellant Radha Geismann, M.D., P.C. ("Geismann"), appeals from the district court's dismissal of its putative class action against the defendant–appellee ZocDoc, Inc. ("ZocDoc"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Geismann's suit stems from two unsolicited telecopies (colloquially and hereinafter "faxes") it allegedly received from ZocDoc. After Geismann filed a complaint and motion for class certification, ZocDoc made a settlement offer to Geismann as to its individual claims pursuant to Federal Rule of Civil Procedure 68. Geismann rejected the offer. ZocDoc then moved to dismiss the action for lack of subject matter jurisdiction on the ground that its offer afforded Geismann complete relief, thereby mooting the action. The United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*) granted the motion, agreeing with ZocDoc that the rejected offer, which the court concluded would have afforded Geismann complete relief on its individual claims, rendered the entire action moot, notwithstanding the pending class–certification motion. The court entered judgment in Geismann's favor under the terms offered by ZocDoc and dismissed the action. While this appeal was pending, the district court granted ZocDoc leave to deposit a check in the amount of $6,100.00 with the Clerk of the United States District Court for the Southern District of New York in satisfaction of judgment.

We conclude that the action was not and is not "moot." An unaccepted Rule 68 offer of judgment is, regardless of its terms, a legal nullity.

## BACKGROUND

Geismann, a Missouri corporation, alleges that it received from ZocDoc, a Delaware corporation, two unsolicited faxes advertising a "patient matching service" for doctors. Joint Appendix ("J.A."[1]) 43, 57–58. Both faxes stated that if the recipient wished to "stop receiving faxes," he or she could call a domestic telephone number provided in the fax. J.A. 57, 58.

In 2014, Geismann filed a complaint in Missouri state court[2] alleging that these faxes violated the TCPA,[3] which prohibits,

1. "J.A." hereinafter refers to the parties' joint appendix filed in this Court on November 6, 2014.

2. The TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C. § 227(b)(3).

3. The original complaint also included a claim under the Missouri Consumer Fraud and Deceptive Business Practices Act and a claim for conversion. The former was voluntarily dismissed prior to the filing of the Corrected First Amended Complaint. The district court did not directly address the latter, which was included in the Corrected First Amended Complaint. Geismann stated in its opposition to the motion to dismiss that it planned to dismiss voluntarily the conversion claim and therefore did not oppose its dismissal. The district court's dismissal for lack of subject matter jurisdiction following the entry of judgment applies to the entire action, including the conversion claim, making it a

*inter alia,* the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless" the sender and recipient have an "established business relationship," the recipient volunteered its fax number directly to the sender or through voluntary participation in a directory or other public source, or the fax meets certain specified notice requirements. 47 U.S.C. § 227(b)(1)(C); *see also id.* § 227(a)(5) ("The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.").

The complaint requested between $500.00 and $1,500.00 in damages for each TCPA violation, an injunction prohibiting ZocDoc from sending similar faxes in the future, and costs. *See id.* § 227(b)(3) (providing a private right of action for injunctive relief and damages in the amount of "actual monetary loss" or "$500 . . . for each [ ] violation, whichever is greater," to be tripled at the court's discretion if the defendant "willfully or knowingly violated [the statute]").

The complaint also requested that the case be treated as a class action. Geismann filed a separate motion for class certification pursuant to Missouri law the same day that it filed the complaint. The certification motion contained a footnote explaining that Geismann filed the motion at the same time as the complaint because the "[d]efendants in class litigation have resorted to making individual settlement offers to named plaintiffs before a class ac-

tion is certified in an attempt to 'pick-off' the putative class representative and thereby derail the class action litigation." Pl.'s State Ct. Mot. for Class Certification at 1 n.1 (J.A. 19).

On March 13, 2014, ZocDoc removed the action to the United States District Court for the Eastern District of Missouri, invoking federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1367. Two weeks later, ZocDoc made an offer of judgment to Geismann pursuant to Federal Rule of Civil Procedure 68 for (1) $6,000, plus reasonable attorney's fees,[4] in satisfaction of Geismann's individual claims, and (2) an injunction prohibiting ZocDoc from engaging in the alleged statutory violations in the future. On April 8, 2014, Geismann rejected the offer but indicated that it would be willing to accept if ZocDoc would extend the same offer to all members of the putative class action. ZocDoc declined.

In August 2014, the district court granted ZocDoc's motion to transfer the action to the Southern District of New York. *See* 28 U.S.C. § 1404(a). ZocDoc then moved to dismiss the complaint, primarily on the ground that its offer of judgment mooted the action. Geismann disputed, *inter alia,* whether the unaccepted offer "provided full satisfaction of [its] claim," arguing that the TCPA provides for monetary damages per "violation," not per fax, entitling it to "recover for each of the multiple violations in each fax." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 14 n.4, *Geismann v. ZocDoc, Inc.,* No. 14–cv–7009, 2014 WL 10752128 (S.D.N.Y. Sept. 25, 2014), ECF No. 53.

The district court disagreed, reasoning:

---

"final decision[ ]" over which we have jurisdiction. 28 U.S.C. § 1291.

**4.** Geismann's initial complaint requested attorney's fees for its state law claims, not for its claim under the TCPA, a statute that the

parties agree does not provide expressly for the award of attorney's fees or costs. Attorney's fees are not at issue in this appeal, and we do not take a position regarding the statutory availability of any such fees.

The monetary damages Geismann can recover individually under the TCPA for two unsolicited faxes [it] received ... are limited to $1,000, which could be trebled to not more than $3,000 if the Court finds that it was a willful and knowing violation. ZocDoc's offer of judgment not only adds Geismann's attorneys' fees, but is twice the trebled amount, and thus more than satisfies any recovery Geismann could make under the applicable statute.

*Geismann v. ZocDoc, Inc.*, 60 F.Supp.3d 404, 405–06 (S.D.N.Y. 2014). The court entered judgment in the amount and under the terms of the rejected settlement offer and dismissed the action as moot because, following the settlement offer and entry of judgment, "there remain[ed]. no case or controversy." *Id.* at 407.

Geismann then brought this appeal. While the appeal was pending, ZocDoc requested leave to deposit a check in the amount of $6,100.00 payable to the clerk of the district court in satisfaction of judgment. Pl.'s Ltr. Mot. at 2–3, *Geismann v. ZocDoc, Inc.*, No. 14–cv–7009 (S.D.N.Y. Feb. 1, 2016), ECF No. 60. The court granted the request, reasoning that the Supreme Court's then–recent decision in *Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), "favor[s] deposit of judgments with the Court" in these circumstances. Order for Deposit in Interest Bearing Account at 2, *Geismann v. ZocDoc, Inc.*, No. 14–cv–7009 (S.D.N.Y. Feb. 3, 2016), ECF No. 63.[5]

We ordered the parties to submit supplemental briefing addressing the effect of *Campbell–Ewald* on the issues presented in this appeal, and, on February 1, 2016, both parties made a responsive submis-sion. ZocDoc argued that following the entry of judgment and deposit of funds with the clerk of the court, the plaintiff in this case, unlike the plaintiff in *Campbell–Ewald*, was not left "emptyhanded." Def.'s Supp. Br. at 2, 4. Geismann argued, *inter alia*, that *Campbell–Ewald* foreclosed the district court's disposition of this case because "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case no.matter how good the terms." Pl.'s Supp. Br. at 1 (internal quotation marks omitted).

## DISCUSSION

### A. Standard of Review

■ "In considering a dismissal for lack of jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *APWU v. Potter*, 343 F.3d 619, 623–24 (2d Cir. 2003).

### B. Jurisdiction

■ Our jurisdiction is limited by Article III, section 2, of the United States Constitution to "cases" and "controversies." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Where there is no unresolved case or controversy, "mootness occurs" and "the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118–19 (2d Cir. 2001).

### C. *Campbell-Ewald*

■ Geismann argues that the district court erred in dismissing its complaint for lack of subject matter jurisdiction because ZocDoc's proffered monetary damages did

---

**5.** Geismann challenges this deposit order in a related appeal. *See Geismann v. ZocDoc, Inc.*, No. 16–663 (*"Geismann II "*). Because the disposition of the present appeal renders moot the issues there raised, we have concurrently issued an order granting ZocDoc's motion to dismiss *Geismann II* as duplicative.

not provide complete relief as to Geismann's individual claims; the individual and putative class claims were therefore not moot. Alternatively, Geismann asks us to conclude, as a matter of first impression in this Circuit, that even if the offer was complete as to its individual claims, an individual judgment does not render moot a putative class claim, at least when a class-certification motion is pending. *Cf. Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015), *as amended* (May 21, 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 979, 194 L.Ed.2d 3 (2016) (declining to address this question). While this appeal was pending before us, the Supreme Court decided *Campbell–Ewald*. Its decision made clear that an unaccepted Rule 68 offer of judgment does not render an action moot. *Campbell–Ewald*, 136 S.Ct. at 670–71. Because that decision controls our review and is dispositive of the case at bar, we need not, and decline to, reach the issues raised by Geismann in its pre-*Campbell–Ewald* submissions.

In *Campbell–Ewald*, the plaintiff sought individual and class–wide relief under the TCPA, alleging that he and members of the putative class received unsolicited text messages sent by the defendant in violation of the statute. *Id.* at 667. The defendant, like ZocDoc, "proposed to settle [the plaintiff's] individual claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68," including an offer to pay "costs, excluding attorney's fees, and $1,503 per message," as well as "a stipulated injunction in which [the defendant] agreed to be barred from sending

text messages in violation of the TCPA." *Id.* at 667–68. The plaintiff, like Geismann, declined the offer. *Id.* at 668. The Supreme Court concluded that an Article III "case" or "controversy" remained, Rule 68 offer notwithstanding,[6] because "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Id.* at 670 (quoting *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S.Ct. 1523, 1533, 185 L.Ed.2d 636 (2013) (Kagan, J., dissenting)). "[W]ith no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 670–71.

■■■ In light of *Campbell–Ewald*, the district court's conclusion in this case that Geismann's claim was "mooted by the amount and content of the Rule 68 offer made by ZocDoc," *Geismann*, 60 F.Supp.3d at 407, is incorrect. Rule 68 provides that, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Should the offeree decline the offer, however, it "is considered withdrawn." Fed. R. Civ. P. 68(b). *Campbell–Ewald* makes clear that such a "withdrawn" offer "ha[s] no continuing efficacy." 136 S.Ct. at 670. The district court's entry of judgment, therefore, imbued ZocDoc's offer with a power it did not possess.

**6.** The Supreme Court declined to consider "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell–Ewald*, 136 S.Ct. at 672. That "hypothetical" did not present itself in *Campbell–Ewald* in part because the district court

declined to dismiss the plaintiff's claim on the ground that it was rendered moot by the unaccepted Rule 68 offer, *Gomez v. Campbell–Ewald Co.*, 805 F.Supp.2d 923, 928–30 (C.D. Cal. 2011), and the United States Court of Appeals for the Ninth Circuit affirmed, *Gomez v. Campbell–Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014).

The district court's conclusion in the case now before us is, of course, understandable, it having been reached before *Campbell–Ewald* was decided. And, as we have noted, "our prior case law has not always been entirely clear on this subject." *Tanasi*, 786 F.3d at 199. The district court also followed the "typically proper" procedure by "enter[ing] judgment against the defendant for the proffered amount and [ ] direct[ing] payment to the plaintiff consistent with the offer." *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam). But the basis upon which the district court entered judgment did not exist: An unaccepted Rule 68 offer of judgment does not render an action moot.

ZocDoc attempts to distinguish *Campbell–Ewald* on two grounds. First, unlike *Campbell–Ewald*, the district court entered judgment in this case, giving effect to the unaccepted offer. We do not find this distinction meaningful because the judgment should not have been entered in the first place. *See Campbell–Ewald*, 136 S.Ct. at 672 ("[A]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate [the plaintiff's] complaint."). "Under basic principles of contract law," *id.* at 670, "the recipient's rejection of an offer leaves the matter as if no offer had ever been made.... So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted," *id.* (quoting *Genesis Healthcare*, 133 S.Ct. at 1533 (Kagan, J., dissenting) (internal quotation marks omitted)). The result in *Campbell–Ewald* cannot be avoided simply by entering a judgment effectuating an otherwise precluded dismissal.

ZocDoc notes that the district court did not act reflexively, having carefully considered the content of the rejected offer. Be that as it may, the offer that the district court carefully reviewed was null and void at the time. It is of no moment whether the offer "more than satisfie[d] any recovery Geismann could make under the applicable statute." *Geismann*, 60 F.Supp.3d at 406. "When a plaintiff rejects [a Rule 68] offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." *Campbell–Ewald*, 136 S.Ct. at 670 (quoting *Genesis Healthcare*, 133 S.Ct. at 1533 (Kagan, J., dissenting)).

■ Geismann also contests whether the offer in fact "more than satisfie[d] any recovery [it] could make under the applicable statute." *Geismann*, 60 F.Supp.3d at 406. Indeed, Geismann insisted in its opposition to the motion to dismiss that the amount proffered by ZocDoc did not "provide[ ] full satisfaction of [Geismann's] claim," in part because the parties had divergent legal theories regarding the amount of damages available under the TCPA.[7] Pl.'s Opp'n to Def.'s Mot. to Dismiss at 14 n.4, *Geismann v. ZocDoc, Inc.*, No. 14–cv–7009, 2014 WL 10752128 (S.D.N.Y. Sept. 25, 2014), ECF No. 53. That constitutes a live controversy precluding dismissal on the basis of mootness. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012) (internal quotation

---

7. While we decline to resolve this dispute, we note that Geismann's position is not frivolous. To wit: the Eleventh Circuit recently sided in favor of Geismann's per–violation interpretation of the TCPA. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) ("In plain terms, the statute allows a person to recover '$500 in damages for each' 'violation of this subsection.' Section 227(b)(1) has no language limiting the recovery to $500 per 'call' or 'fax.'" (citation omitted)).

marks omitted). While we recognized prior to *Campbell–Ewald* that a judgment entered pursuant to an offer can render an action moot where "the parties *agree* that a judgment should be entered against the defendant," *Tanasi*, 786 F.3d at 200 (emphasis added), the offer of judgment alone does not have the same or a similar effect, *see, e.g., Hepler v. Abercrombie & Fitch Co.*, 607 Fed.Appx. 91, 92–93 (2d Cir. 2015) (summary order); *Franco v. Allied Interstate LLC*, 602 Fed.Appx. 40, 41 (2d Cir. 2015) (summary order). This was neither a case in which the parties agreed to the entry of a particular judgment, *see Tanasi*, 786 F.3d at 200, nor one in which an *accepted* offer rendered the plaintiff's claim moot, *see Bank v. Alliance Health Networks, LLC*, 669 Fed.Appx. 584, 2016 WL 6128043, at *1, 2016 U.S. App. LEXIS 18849, at *2 (2d Cir. 2016) (summary order) (stating that although the "Supreme Court has held that an unaccepted Rule 68 offer of judgment, on its own, will not moot a plaintiff's claims," that rule does not control where, unlike here, the plaintiff "negotiated the check" proffered by the defendants).

ZocDoc also argues that *Campbell–Ewald* is distinguishable because Geismann was not left "emptyhanded." 136 S.Ct. at 672. We disagree. ZocDoc's unsuccessful attempt to tender judgment notwithstanding, Geismann has not been compensated in satisfaction of its claim, which would require, at a minimum, its acceptance of a valid offer. *See id.* ("[W]hen the settlement offer ... expired, [the plaintiff] remained emptyhanded; [the plaintiff's] TCPA complaint, which [the defendant] opposed on the merits, stood wholly unsatisfied."). Geismann thus remains emptyhanded, distinguishing this case from the trio of 19th-century tax cases that ZocDoc cites for the proposition that Geismann's claim is "extinguished"; in each of those cases, the claimant accepted tender. *See California v. San Pablo & Tulare R.R.*

*Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747 (1893) (finding that the dispute was resolved by "the offer to pay all [ ] sums, and the deposit of money in a bank, which *by a statute* of the state have the same effect as actual payment and *receipt* of the money" (emphases added)); *Little v. Bowers*, 134 U.S. 547, 552, 10 S.Ct. 620, 33 L.Ed. 1016 (1890) (observing that there was "no denial of the fact that the taxes in dispute ha[d] been paid" and therefore, implicitly, accepted); *San Mateo Cnty. v. S. Pac. R.R. Co.*, 116 U.S. 138, 141, 6 S.Ct. 317, 29 L.Ed. 589 (1885) (noting that there was no dispute that the "debt for which the suit was brought ha[d] been unconditionally paid and satisfied").

ZocDoc's post-judgment actions move it no closer to its goal. The order granting leave to deposit a check in the amount of $6,100.00 with the clerk of the district court in satisfaction of judgment was made pursuant to and in furtherance of a judgment that should not have been entered in the first place. And even if that deposit had satisfied Geismann's demand for monetary relief, it alone does nothing to satisfy the demand for injunctive relief. *Cf. Mey v. N. Am. Bancard, LLC*, 655 Fed.Appx. 332, 336 (6th Cir. 2016) (summary order) (observing that "a tender" of monetary damages alone "does nothing to satisfy [the plaintiff's] request for injunctive relief").

This is also not a case that matches the hypothetical posed by *Campbell–Ewald*, where the Supreme Court declined to consider whether the outcome would be different had the "defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court *then* enter[ed] judgment for the plaintiff in that amount." 136 S.Ct. at 672 (emphasis added). Here the district court entered a judgment that should not have been entered in the first place, and ZocDoc then more than one year later deposited an amount in satisfaction of that errant

judgment in an account payable to Geismann. Accordingly, we need not, and do not, decide whether a different outcome would result if the facts here matched the *Campbell–Ewald* hypothetical.[8]

### D. Other Issues

Because we conclude that ZocDoc's unaccepted offer did not moot Geismann's individual claim, we need not address the remaining issues raised on appeal. The district court should not have entered judgment on the basis of ZocDoc's offer, nor therefore should it have dismissed Geismann's action. Because a named plaintiff remains in this action, the dismissal of the class claim was also in error. Although the district court may, in its discretion, permit ZocDoc to deposit with the court "any part of the relief sought," Fed. R. Civ. P. 67, the basis for so granting the defendant leave to deposit must not be inconsistent with this opinion.

### CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings.

---

**8.** We note, without deciding because the situation is not before us, that an attempt by the defendant to use the tactic described in the *Campbell–Ewald* hypothetical to "place [it] in the driver's seat," 136 S.Ct. at 672, might not work. The Supreme Court's criticism of similar tactics suggests that Rule 68 should be harmonized with Rule 23. *See id.* (describing a "kindred strategy" intended to "avoid a potential adverse decision" as a "gambit"); *cf. Genesis Healthcare*, 133 S.Ct. at 1536 (Kagan, J., dissenting) (stating that a court should not "short-circuit" a statutory collective action "by acceding to a defendant's proposal to make only the named plaintiff whole"). The Supreme Court has also acknowledged that "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained obviously would frustrate the objectives of class actions," and "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). However, we need not, and therefore do not, weigh in on whether further maneuvers by the defendant might render a motion to dismiss viable. We do no more than observe the obvious: an attempt to make use of the hypothetical posited in *Campbell–Ewald* is not guaranteed to bear fruit.