15-601-cv
*Lary v. Rexall Sundown, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand seventeen.

PRESENT:　JOSÉ A. CABRANES,
　　　　　　ROSEMARY S. POOLER,
　　　　　　GERARD E. LYNCH,
　　　　　　　　　*Circuit Judges.*

_____

JOHN H. LARY, JR., individually and as a representative
of a class of similarly situated persons,

　　　　　　*Plaintiff-Appellant,*　　　　　　　　　15-601-cv

　　　　　　v.

REXALL SUNDOWN, INC., NBTY, INC., REXALL
SUNDOWN, LLC, REXALL US DELAWARE, INC., JOHN
DOES 1–10, REXALL INC., REXALL SUNDOWN 3001,
LLC, CORPORATE MAILINGS, INC. D/B/A CCG
MARKETING SOLUTIONS, and UNITED STATES
NUTRITION, INC.,

　　　　　　*Defendants-Appellees.*\*

_____

_____

\* The Clerk of Court is directed to amend the caption as shown above.

1

**FOR PLAINTIFF-APPELLANT:**       GLENN L. HARRA, Anderson + Wanca, Rolling Meadows, IL; Aytan Y. Bellin, Bellin & Associates LLC, White Plains, NY.

**FOR DEFENDANTS-APPELLEES REXALL SUNDOWN, INC., REXALL SUNDOWN 3001, LLC, REXALL INC., UNITED STATES NUTRITION, INC., AND NBTY, INC.:**       CASEY D. LAFFEY (Eric F. Gladbach, *on the brief*), Reed Smith LLP, New York, NY.

**FOR DEFENDANT-APPELLEE CORPORATE MAILINGS INC., D/B/A CCG MARKETING SOLUTIONS:**       MATTHEW J. FEDOR, Drinker Biddle & Reath LLP, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **VACATED** and **REMANDED.**

Plaintiff-appellant John H. Lary, Jr., ("Lary") appeals from the District Court's February 18, 2015 entry of judgment in his favor on his individual claims, denial of his motion for class certification, and dismissal of his putative class action for lack of subject-matter jurisdiction. *See Lary v. Rexall Sundown, Inc.*, 74 F. Supp. 3d 540 (E.D.N.Y. 2015). Defendant CCG Marketing Solutions ("CCG") is a marketing company that entered into a Master Service and Support Agreement with defendant United States Nutrition, Inc., a corporate affiliate of the various Rexall defendants listed in the caption of this appeal (collectively, the "Rexall Defendants"). Lary brings this action against the Rexall Defendants, CCG, and various John Does (collectively, the "Defendants"), alleging violations under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, and we recite here only those facts most relevant to the resolution of this appeal. On June 26, 2014, CCG served Lary with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. On July 9, 2014, Lary moved for class certification to prevent CCG from mooting his class-action claims. On July 21, 2014, CCG moved to dismiss Lary's complaint on the ground that all of Lary's claims had been mooted by its offer of judgment, and that the District Court therefore lacked subject-matter jurisdiction. The District Court granted CCG's motion on February 10, 2015, holding that "CCG's pre-certification offer, which provides all the relief plaintiff could recover, moots plaintiff's claim" as to all Defendants. *Lary*, 74 F. Supp. 3d at 557. The District Court also denied Lary's motion for class certification, reasoning that "in the absence of a claim against defendant, plaintiff cannot adequately represent the purported class." *Id.* (citation omitted).

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. *See Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 403 (2d Cir. 2015). "We review a district court's denial of class certification for abuse of discretion."[1] *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 86 (2d Cir. 2015). To the extent that the District Court's decision "was based on conclusions of law, we review such conclusions *de novo*, and to the extent that its decision was based on findings of fact, we review such findings for clear error." *Id.*

While this appeal was pending before us, two decisions affecting the issues presented in this appeal have been filed.[2] First, the Supreme Court decided *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), which directly addressed the question of whether a case becomes moot, and thus beyond the judicial power of Article III, when a plaintiff receives an offer of complete relief on his claim. In *Campbell-Ewald*, the plaintiff sought individual and class-wide relief under the TCPA, alleging that he and members of the putative class received unsolicited text messages sent by the defendant. *Id.* at 667. The *Campbell-Ewald* plaintiff rejected the defendant's Rule 68 offer of judgment. *Id.* at 668. The Supreme Court held that despite the Rule 68 offer, a case or controversy remained. "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Id.* at 670 (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013) (Kagan, *J.*, dissenting)). "[W]ith no settlement offer still operative, the parties remained adverse; both retained the same stake in the litigation they had at the outset." *Id.* at 670–71.

A subsequent panel of our Court recently applied *Campbell-Ewald* in *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017) ("*Geismann*"). As in *Campbell-Ewald*, the *Geissman* defendant, ZocDoc, Inc., made a Rule 68 offer of judgment to the plaintiff in a putative TCPA class action, and the district court granted ZocDoc's motion to dismiss on mootness grounds. Unlike *Campbell-Ewald*, the district court in *Geismann* entered a judgment in the plaintiff's favor. *Id.* at 513. The *Geismann* panel nonetheless held that "the basis upon which the district court entered judgment did not exist: An unaccepted Rule 68 offer of judgment does not render an action moot." *Id.* The panel further reasoned that the district court's entry of judgment in *Geismann* was not a "meaningful" distinction from *Campbell-Ewald* "because the judgment should not have been entered in the first place." *Id.*

---

[1] A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

[2] The parties have submitted supplemental briefing in response to both cases.

The facts of the case before us are largely indistinguishable from *Geismann*. The District Court's order dismissing Lary's putative TCPA class action was premised on CCG's Rule 68 offer mooting his claim. Pursuant to the holdings of *Campbell-Ewald* and *Geismann*, the District Court's dismissal was based on an error of law since Lary's claim was not mooted by CCG's offer of judgment. Accordingly, judgment should not have been entered in his favor.

The Defendants argue that this case matches the hypothetical posed by *Campbell-Ewald*, where the Supreme Court declined to consider whether the outcome would be different had the "defendant deposit[ed] the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enter[ed] judgment for the plaintiff in that amount." 136 S. Ct. at 672 (emphasis added). Here, "the district court entered a judgment that should not have been entered in the first place, and [CCG] then," after *Campbell-Ewell* was issued, sent Lary a certified check "in satisfaction of that errant judgment." *Geissmann*, 850 F.3d at 514–15. Lary did not accept the check, nor did CCG seek leave to deposit the amount of its offer with the District Court. The hypothetical posed by *Campbell-Ewald* is thus not present here. As such, we need not, and do not, decide whether a different outcome would result if the facts here matched this hypothetical.

## CONCLUSION

We have reviewed all of the arguments raised by the Defendants on appeal and find them to be without merit. For the foregoing reasons, we **VACATE** the February 18, 2015 judgment of the District Court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk