15-4003(L)
Franco v. Allied Interstate LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

GILBERTO FRANCO, ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED,

                    *Plaintiff-Appellant*,

              v.                                                    15-4003; 17-1134

ALLIED INTERSTATE LLC, FKA ALLIED INTERSTATE, INC.,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:      Adina Hyman Rosenbaum, Public Citizen Litigation Group,
                              Washington, D.C.

                              Andrew T. Thomasson, Philip D. Stern, Stern Thomasson LLP,
                              Springfield, N.J. (*on the brief*).

Appearing for Appellee: Casey Devin Laffey, Reed Smith LLP (Nana Japaridze, *on the brief*) New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff-Appellant Gilberto Franco appeals from the November 30, 2015 judgment of the District Court for the Southern District of New York (Forrest, *J.*), following a rejected Federal Rule of Civil Procedure 68 offer on his individual claim in his putative class action suit regarding Defendant-Appellee Allied Interstate's debt collection practices. This is the second appeal in this matter. *See Franco v. Allied Interstate LLC*, 602 F. App'x 40 (2d Cir. 2015) (summary order) ("*Franco I*"). In *Franco I*, we held that an unaccepted Rule 68 offer could not moot a claim in the absence of judgment. On remand, the district court entered judgment in favor of the plaintiff. This appeal followed. We again remand, as an unaccepted Rule 68 offer is a legal nullity and therefore provides no basis for the entry of judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* the district court's conclusion that [a plaintiff's] claims are moot." *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010). "We review a district court's denial of class certification for abuse of discretion." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 86 (2d Cir. 2015). To the extent that the district court's decision "was based on conclusions of law, we review such conclusions *de novo*, and to the extent that its decision was based on findings of fact, we review such findings for clear error." *Id.*

During the pendency of this appeal, multiple decisions have issued, which control the outcome of this case. Consistent with our own precedent, the Supreme Court has now ruled that an unaccepted Rule 68 offer of judgment will not moot a claim. As the Supreme Court explained,

When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect.

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) (Kagan, J., dissenting)).

Subsequently, in *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507, 513 (2d Cir. 2017), we went a step beyond *Campbell-Ewald*, and held that an unaccepted Rule 68 offer does not moot a claim even where, as here, the district court subsequently enters judgment in favor of the plaintiff, and the defendant attempts to tender judgment. Allied Interstate's attempts to circumvent this clear precedent are unavailing. We see no meritorious grounds for distinguishing *Geismann*.

2

Allied Interstate also asserts that the district court denied class certification in its initial 2014 ruling, which was the subject of *Franco I*, and that this suit should now be treated as an individual claim rather than a putative class action. This is incorrect. The district court's initial 2014 decision found that Franco's individual claim was mooted by the Rule 68 offer, and denied class certification in the absence of a named plaintiff. The district court clearly explained that the denial of class certification was a mere byproduct of the mootness of the individual claim, writing, "[i]n the absence of a claim against defendant, plaintiff cannot adequately represent the purported class." *Franco v. Allied Interstate LLC*, No. 13-cv-4053, 2014 WL 1329168, at *5 (S.D.N.Y. Apr. 2, 2014), *vacated and remanded*, 602 F. App'x 40 (2d Cir. 2015). In *Franco I*, we vacated and remanded, finding that the individual claim was not moot. Thus the sole ground for the denial of class certification was vacated by our decision. As the district court recognized in the decision underlying the instant appeal, the effect of *Franco I* was to revive the class certification motion on remand. *See Franco v. Allied Interstate LLC*, No. 13-cv-4053, 2015 WL 7758534, at *4 (S.D.N.Y. Nov. 30, 2015) (addressing viability of class claims). Since we again hold that the individual claim is not moot, the class certification motion will again be open on remand. Accordingly, the district court may consider whether Franco is entitled to a "fair opportunity to show that certification is warranted" before rendering judgment on his claim. *Campbell-Ewald Co.*, 136 S. Ct. at 672.

In light of our decision today, the funds deposited by Allied Interstate with the clerk of the court in satisfaction of the judgment should be returned.

The judgment of the district court hereby is VACATED and REMANDED for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3