Dissenting opinion filed by Circuit Judge PILLARD.
KAVANAUGH, Circuit Judge:
Believe it or not, the fax machine is not yet extinct. Some businesses send unsolicited advertisements by fax. This case arises out of Congress’s efforts to protect consumers from unsolicited fax advertisements.
The Junk Fax Prevention Act of 2005 bans most unsolicited fax advertisements, but allows unsolicited fax advertisements in certain commercial circumstances. When those unsolicited fax advertisements are allowed, the Act requires businesses to include opt-out notices on the faxes. See 47 U.S.C. § 227(b).
In 2006, the FCC issued a rule that requires businesses to include opt-out notices not just on unsolicited fax advertisements, but also on solicited fax advertisements. The term “solicited” is a term of art for faxes sent by businesses with the invitation or permission of the recipient.
In this case, businesses that send solicited fax advertisements contend that the FCC’s new rule exceeds the FCC’s authority under the Act. The question is whether the Act’s requirement that businesses include an opt-out notice on unsolicited fax advertisements authorizes the FCC to require businesses to include an opt-out notice on solicited fax advertisements. Based on the text of the statute, the answer is no.
We hold that the FCC’s 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes. The FCC’s Order in this case interpreted and applied that 2006 Rule. We vacate that Order and remand for further proceedings.
*1080 I
In 1991, Congress passed and President George H.W. Bush signed the Telephone Consumer Protection Act. See Pub. L. No. 102-248, 105 Stat. 2894 (codified as amended at 47 U.S.C. § 227). In 2005, Congress passed and President George W. Bush signed the Junk Fax Prevention Act, which amended the 1991 Act. See Pub. L. No. 109-21, 119 Stat. 359 (codified at 47 U.S.C. § 227). For simplicity, we will refer to the combined and amended legislation as “the Act.”
The Act generally prohibits the use of “any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement.” 47 U.S.C. § 227(b)(1)(C). The Act defines “unsolicited advertisement” as “any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person’s prior express invitation or permission, in writing or otherwise.” Id. § 227(a)(5) (emphasis added).
The Act contains an exception that allows certain unsolicited fax advertisements. The statute permits unsolicited fax advertisements where (1) “the unsolicited advertisement is from a sender with an established business relationship with the recipient”; (2) the sender obtained the recipient’s fax number through “voluntary communication” with the recipient or “the recipient voluntarily agreed to make” his information available in “a directory, advertisement, or site on the Internet”; and (3) the unsolicited advertisement “contains a notice meeting the requirements under paragraph (2)(D).” Id. § 227(b)(1)(C)(i)-(iii). Paragraph (2)(D), in turn, provides, among other things, that the notice must be “clear and conspicuous” and “on the first page of the unsolicited advertisement,” must state that the recipient may opt out from “future unsolicited advertisements,” and must include a “cost-free mechanism” to send an opt-out request “to the sender of the unsolicited advertisement.” Id. § 227(b)(2)(D).
That third requirement — the opt-out notice — is central to this case.
Congress has authorized the FCC to issue regulations to implement the Act. See id. § 227(b)(2). Fax senders face a stiff penalty for violating the FCC’s regulations. Importantly, the Act supplies a private right of action to fax recipients for them to sue fax senders that send unsolicited fax advertisements in violation of FCC regulations. See id. § 227(b)(3). The Act allows plaintiffs to obtain from fax senders at least $500 for each violation. See id. Those penalties can add up quickly given the nature of mass business faxing.
In 2006, the FCC issued a new rule governing solicited faxes. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005, 71 Fed. Reg. 25,967, 25,971-72 (May 3, 2006) (now codified at 47 C.F.R. § 64.1200(a)(4)(iv)). We will refer to that rule as the Solicited Fax Rule. The Solicited Fax Rule requires a sender of a fax advertisement to include an opt-out notice on the advertisement, even when the advertisement is sent to a recipient from whom the sender “obtained permission.” 71 Fed. Reg. at 25,972. In other words, the FCC’s new rule mandates that sendees of solicited faxes comply with a statutory requirement that applies only to senders of unsolicited faxes.
Petitioner Anda is a company that sells generic drugs. As part of its business, Anda faxes advertisements to small pharmacies. Anda’s fax advertisements convey pricing information and weekly specials to the pharmacies. Many pharmacies have given permission to Anda for Anda to send those faxes.
*1081 In 2010, Anda sought a declaratory ruling from the FCC clarifying that the Act does not require an opt-out notice on solicited fax advertisements — that is,'those that are sent with the recipient’s prior express permission. See Anda Petition for Declaratory Ruling, CG Docket No. 05-338 (Nov. 30, 2010).
That issue was of great importance to Anda. In 2008, Anda had been sued in a class action in Missouri state court for alleged violations of the FCC’s Solicited Fax Rule. Many of the plaintiff pharmacies in that case admitted that they had expressly given permission to Anda for Anda to send fax advertisements to the plaintiffs. But those plaintiffs nevertheless sought over $150 million in damages from Anda because Anda’s fax advertisements allegedly did not include opt-out notices that complied with the Solicited Fax Rule’s requirements.
Let that soak in for a minute: Anda was potentially on the hook for $150 million for failing to include opt-out notices on faxes-that the recipients had given Anda permission to send. If the Act actually provides the FCC with the authority to issue the Solicited Fax Rule, then Anda could be subject to that large class-action damage award. But if the Act does not provide the FCC with the authority to issue the Solicited Fax Rule, then Anda would be off that hook. Several other businesses facing similar class-action lawsuits joined Anda’s petition to the FCC.
In response to Anda’s petition, the FCC adhered to its interpretation of the Act as providing the FCC with the authority to require opt-out notices on solicited faxes as well as unsolicited faxes (although the FCC said it would waive application of the rule to businesses that sent solicited faxes before April 30, 2015). See Order, Petitions for Declaratory Ruling, Waiver, and/or Rulemaking Regarding the Commission’s Opt-Out Requirement for Faxes Sent with the Recipient’s Prior Express Permission, 29 FCC Red. 13,998 (2014). Commissioner Pai and Commissioner O’Rielly dissented in relevant part. Commissioner Pai stated that the FCC’s statutory approach reflected “convoluted gymnastics.” Id. at 14,018 (Pai, concurring in part and dissenting in part). Anda and the other companies then filed a petition for review in this Court. This Court has jurisdiction over the petition under 47 U.S.C. § 402(a) and 28 U.S.C. § 2342(1).
II
The FCC says that the Act’s requirement that businesses include opt-out notices on unsolicited fax advertisements grants the FCC the authority to also require businesses to include opt-out notices on solicited fax advertisements — that is, those fax advertisements sent with the permission of the recipient. We disagree with the FCC.
The relevant provision of the Act provides: “It shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement.” 47 U.S.C. § 227(b) (emphasis added). The Act defines “unsolicited advertisement” as “any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person’s prior express invitation or permission, in writing or otherwise.” Id. § 227(a)(5) (emphasis added). Pursuant to regulation, a fax recipient may revoke previously granted permission by sending a request to the sender. See 47 C.F.R. § 64.1200(a)(4)(vi).
The Act contains an exception that allows certain unsolicited fax advertisements. As relevant here, the Act allows a business to transmit an unsolicited fax advertisement when, among other things, the *1082 fax “contains a notice” that the recipient may opt out from “future unsolicited advertisements.” Id. § 227(b)(1)(C), (b)(2)(D).
Although the Act requires an opt-out notice on unsolicited fax advertisements, the Act does not require a similar opt-out notice on solicited fax advertisements— that is, those fax advertisements sent with the recipient’s prior express invitation or permission. Nor does the Act grant the FCC authority to require opt-out notices on solicited fax advertisements.
The text of the Act provides a clear answer to the question presented in this case. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 & n.9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Congress drew a line in the text of the statute between unsolicited fax advertisements and solicited fax advertisements. Unsolicited fax advertisements must include an opt-out notice. But the Act does not require (or give the FCC authority to require) opt-out notices on solicited fax advertisements. It is the Judiciary’s job to respect the line drawn by Congress, not to redraw it as we might think best.[1]
The FCC and the dissent seem to suggest that the agency may take an action — here, requiring opt-out notices on solicited fax advertisements — so long as Congress has not prohibited the agency action in question. That theory has it backwards as a matter of basic separation of powers and administrative law. The FCC may only take action that Congress has authorized. See Utility Air Regulatory Group v. EPA, - U.S. -, 134 S.Ct. 2427, 2445, 189 L.Ed.2d 372 (2014); American Library Association v. FCC, 406 F.3d 689, 698 (D.C. Cir. 2005). Congress has not authorized the FCC to require opt-out notices on solicited fax advertisements. And that is all we need to know to resolve this case.
In trying to sidestep the statute’s language, the FCC argues that it can require opt-out notices on solicited faxes because Congress did not define the phrase “prior express invitation or permission” in the Act. To reiterate, the Act states that an “unsolicited advertisement” is “any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person’s prior express invitation or permission, in writing or otherwise.” 47 U.S.C. § 227(a)(5) (emphasis added). The FCC argues that it has reasonably defined the phrase “prior express invitation or permission” to mean that pri- or express permission lasts only until it is revoked, and that all fax advertisements— even solicited fax advertisements — therefore must include a means to revoke that permission.
If you are finding the FCC’s reasoning on this point difficult to follow, you are not alone. We do not get it either. The phrase “prior express invitation or permission” tells us what it may take for a fax to be considered solicited rather than unsolicited. The FCC can reasonably define that concept within statutory boundaries. The FCC can also reasonably provide, as it has, that a recipient may revoke previously granted permission by sending a request to the sender. See 47 C.F.R. § 64.1200(a)(4)(vi). But what the FCC may not do under the statute is require opt-out notices on solicited faxes — that is, opt-out notices on those faxes that are sent with the prior express invitation or permission of the recipient.
*1083 The FCC responds that giving fax recipients a cost-free, simple way to withdraw prior permission is good policy. The agency says that absent a requirement that senders include an opt-out notice on fax ads sent with prior express permission, some recipients may have trouble figuring out how to revoke their permission. But the fact that the agency believes its Solicited Fax Rule is good policy does not change the statute’s text. See Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 188, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). The text of the Act does not grant the FCC authority to require opt-out notices on solicited faxes.
[[Image here]]
We hold that the FCC’s 2006 Solicited Fax Rule is unlawful to the extent that it requires opt-out notices on solicited faxes. The FCC’s Order in this case interpreted and applied that 2006 Rule. We vacate that Order and remand for further proceedings.[2]

So ordered.

. The precise question here, to be clear, is whether Section 227(b) authorizes the opt-out notice requirement for solicited fax advertisements. The FCC has not claimed that any other provision of the Act could authorize an opt-out notice requirement on solicited fax advertisements.

. The FCC waived application of the 2006 Solicited Fax Rule to fax advertisements sent before April 30, 2015. A different set of petitioners challenged the FCC’s waiver. In light of our decision that the FCC's Solicited Fax Rule is unlawful, we dismiss the waiver petitions as moot.