21-399-cv (L)
Bais Yaakov v. Educational Testing Service

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-two.

PRESENT:  RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,

*Plaintiff-Appellant-Cross-Appellee,*

v.                                                                No. 21-399-cv
                                                                     No. 21-541-cv

EDUCATIONAL TESTING SERVICE,

*Defendant-Appellee-Cross-Appellant.\**

------------------------------------------------------------------

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT-
CROSS-APPELLEE:                              AYTAN Y. BELLIN, Bellin &
                                            Associates LLC, White Plains,
                                            NY

FOR DEFENDANT-APPELLEE-
CROSS-APPELLANT:                             JEFFREY R. JOHNSON, Jones
                                            Day, Washington, DC (Sharyl
                                            A. Reisman, Jones Day, New
                                            York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the

Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Bais Yaakov of Spring Valley appeals from a judgment of the United States

District Court for the Southern District of New York (Karas, J.) entering a

judgment of $12,000 plus costs for Bais Yaakov, denying its request for injunctive

relief, and dismissing the case as moot pursuant to Federal Rule of Civil

Procedure 12(b)(1). We assume the parties' familiarity with the underlying facts

and the record of prior proceedings, to which we refer only as necessary to

explain our decision to affirm.

Bais Yaakov brings this class action suit alleging that Educational Testing

Service ("ETS") sent solicited and unsolicited fax advertisements to Bais Yaakov and thousands of other recipients without the legally required opt-out notices, in violation of the Telephone Consumer Protection Act ("TCPA"). The TCPA generally makes it unlawful to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The District Court denied Bais Yaakov's motions to certify several classes of recipients because (1) the D.C. Circuit in Bais Yaakov of Spring Valley v. FCC, 852 F.3d 1078 (D.C. Cir. 2017) (Kavanaugh, J.), invalidated regulations that had extended the TCPA's opt-out requirements to solicited fax advertisements; and (2) "the nature of the business relationships" between ETS and the recipients raised "individualized concerns on questions regarding whether consent was obtained over the course of those relationships," Special App'x 179.

ETS then sought an order entering judgment of $12,000 plus costs for Bais Yaakov against ETS and dismissing Bais Yaakov's request for injunctive relief as moot or meritless. As we explain further below, the proposed amount of damages plus costs exceeded the maximum monetary damages Bais Yaakov could recover on its individual TCPA claims. The District Court, over Bais

3

Yaakov's objection, entered judgment of $12,000 plus costs for Bais Yaakov, concluded that Bais Yaakov's request for injunctive relief was meritless, and dismissed the case as moot after entering judgment on all of Bais Yaakov's claims. We review a denial of class certification for abuse of discretion. See Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP, 806 F.3d 71, 86 (2d Cir. 2015). Bais Yaakov contends that the District Court erred in denying class certification because this Court is not bound by Bais Yaakov v. FCC, an out-of-circuit decision, and because individual issues regarding recipient consent do not defeat class predominance under Federal Rule of Civil Procedure 23(b). The first argument is foreclosed by our decision in Gorss Motels, Inc. v. FCC, which held that Bais Yaakov v. FCC is "binding in effect on every circuit." 20 F.4th 87, 92 (2d Cir. 2021).

Bais Yaakov's second argument fares no better. "Congress drew a line in the text of the [TCPA] between unsolicited fax advertisements and solicited fax advertisements." Bais Yaakov v. FCC, 852 F.3d at 1082. Drawing the line between solicited faxes and unsolicited faxes in this case would require individualized factfinding. Indeed, as the District Court explained, "there's documentation indicating that over 1,000 of the . . . recipients were themselves []

4

customers, suggesting that many, if not all of them, may have also provided express consent to receive fax advertisements about the product"; documentation that hundreds of recipients "were, in fact, participants in a [pilot program], and some of these customers had . . . agreed to continue to receive information about the product via fax"; and documentation that individual teachers or administrators at some schools "would reach out to request product information, even if the entity itself had not formally requested it."   Special App'x 179–80. The District Court did not abuse its discretion in determining that "the questions of law or fact common to class members" did not "predominate over [] questions affecting only individual members."   Fed. R. Civ. P. 23(b)(3); see also Bais Yaakov of Spring Valley v. ACT, Inc., 12 F.4th 81, 90–93 (1st Cir. 2021) ("[W]e see no abuse of discretion in the district court's finding that there were, among the thousands of yet-to-be-canvassed putative class members, schools that could be found by the factfinder to have given the requisite permission," that "could only be identified were one to parse through the circumstances of each school in the putative class.").

Next, Bais Yaakov argues that the District Court improperly dismissed its individual claims.   As to the damages claim, ETS offered to deposit with the

5

Court more than the maximum amount Bais Yaakov could recover on its TCPA claim. Bais Yaakov does not dispute that the $12,000 judgment that the District Court entered fully satisfies its damages claim. Because ETS "surrender[ed] to complete relief in satisfaction of [] plaintiff's claims, the district court may enter default judgment against [ETS]—even without the plaintiff's agreement thereto—and then, after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." Radha Geismann, M.D., P.C. v. ZocDoc, Inc., 909 F.3d 534, 542 (2d Cir. 2018) (quotation marks omitted) (cleaned up).

As to the injunctive relief claim, ETS has taken steps to ensure that no additional unsolicited fax is sent to Bais Yaakov. These steps include removing Bais Yaakov's fax number from its database and noting in the relevant files that the fax number should not be used in the future. As a result, "the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 190 (2000); see also Bais Yaakov v. ACT, 12 F.4th at 95 ("We find no error in the district court's finding that ACT's cessation of sending faxes to Bais Yaakov since 2012, its deletion of Bais Yaakov's fax number from ACT's database, and its admission

that any further faxing to [Bais Yaakov] would render ACT liable, all combine to establish that ACT's allegedly wrongful behavior as to Bais Yaakov could not reasonably be expected to recur." (quotation marks omitted)).

Having affirmed the District Court's judgment on all of Bais Yaakov's class and individual claims, we agree that his case is moot.[1] See Tanasi v. New All. Bank, 786 F.3d 195, 200 (2d Cir. 2015).

We have considered Bais Yaakov's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] ETS also filed a cross-appeal. "When a cross-appeal is conditional, asking that it be reached only if and when the appellate court decides to reverse or modify the main judgment, and the direct appeal fails and the judgment is affirmed, the usual procedure is to dismiss the cross-appeal as moot." Weiss v. Natl. Westminster Bank, PLC., 993 F.3d 144, 159 (2d Cir. 2021) (quotation marks omitted). We therefore dismiss ETS's cross-appeal as moot.