Thomas MACKEY, Parent of a disabled student, Thomas M.; Barbara Mackey, Parent of a disabled student, Thomas M., Plaintiffs–Appellants,

v.

BOARD OF EDUCATION FOR THE ARLINGTON CENTRAL SCHOOL DISTRICT; The State Education Department, Defendants–Appellees.

No. 03–7860.

United States Court of Appeals, Second Circuit.

Oct. 7, 2004.

---

1. We have considered Khan's other arguments raised on appeal and find them to be without merit.

Rosealee Charpentier, Family Advocates, Inc., Kingston, NY, for Plaintiffs–Appellants.

Jeffrey J. Schiro, Kuntz, Spagnuolo, Scapoli & Schiro, P.C., Bedford Village, NY, for Defendant–Appellee Board of Education.

Carol Fischer, Assistant Solicitor General, (Ann P. Zybert, Assistant Solicitor General and Marion R. Buchbinder, Senior Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, NY, for Defendant–Appellee State Education Department.

Present: MESKILL, MINER, and KATZMANN, Circuit Judges.

SUMMARY ORDER

Plaintiffs-appellants Thomas and Barbara Mackey, the parents of a learning disabled child named Thomas, brought an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1490, claiming that the defendant-appellee the Board of Education for the Arlington Central School District (the "District") violated the IDEA, by failing to provide Thomas with a free appropriate public education, as a result of procedural improprieties and substantive inadequacies in Thomas's individualized education program ("IEP") for the 2000–2001 school year. The parents sought tuition reimbursement for their unilateral placement of Thomas at a private school during the 2000–2001 school year on the grounds that: (1) the IEP was inadequate (the "IEP inadequacy claim"); and (2) the private school was Thomas's pendency placement for the year (the "pendency claim"). The parents also alleged that the defendant-

appellee the State Education Department (the "State") violated the IDEA by failing to insure that the State Review Officers and Impartial Hearing Officers issued written decisions within the required time periods. The District moved for summary judgment, and the State moved to dismiss pursuant to Federal Rule of Civil Procedure 12. The district court granted the District's motion for summary judgment and the State's motion to dismiss, and the plaintiffs appealed.

In an opinion filed contemporaneously with this order, we consider the parents' pendency claim. For reasons stated in that opinion, we VACATE that portion of the judgment and REMAND the case to the district court. We here address the parents' IEP inadequacy claim. In so doing, we assume the parties' familiarity with the facts and the contentions on appeal.

This Court reviews a district court's grant of summary judgment *de novo*. *See M.S. ex rel. S.S. v. Bd. of Educ.*, 231 F.3d 96, 102 (2d Cir.2000). "Federal courts assess IDEA petitions based on the preponderance of the evidence developed at the administrative proceedings and any further evidence presented by the parties." *Id.* (internal quotation marks omitted). This "assessment is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Id.* (internal quotation marks omitted). "While federal courts do not simply rubber stamp administrative decisions, they are expected to give due weight to these proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998) (internal quotation marks omitted). Under a deferential standard of review, an administrative decision amply supported by the evidence in the record must prevail as a matter of law. *Sherman v. Mamaroneck Union Free Sch. Dist.*, 340 F.3d 87, 93 (2d Cir.2003).

■ Application of that deferential standard leads us to conclude that the IEP was adequate to afford Thomas a free appropriate public education. The findings of the Impartial Hearing Officer, affirmed by the State Review Officer, were detailed; the administrative proceedings were thorough; and the conclusions arrived at were supported by a preponderance of evidence. Based on the deference owed to the findings of the State Review Officer, we agree that the District sustained its burden of demonstrating that the IEP was reasonably calculated to deliver educational benefits to Thomas; and hold that the district court properly granted summary judgment to the District on the IEP inadequacy claim.

■ We review district court dismissals based on the rule against duplicative litigation for abuse of discretion. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). We find that the district court properly dismissed the parents' claims against the State without prejudice. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* at 138. The parents' allegations against the State duplicated claims that had been included in separate class actions against the State, and the parents were members of those classes.

Accordingly, the judgment of the district court is AFFIRMED in part insofar as it dismissed the parents' claims against the State and dismissed the parents' IEP inadequacy claim against the District. Nevertheless, for the reasons stated in the accompanying opinion, we REVERSE the district court's judgment in part on the

pendency claim and REMAND the case to the district court.