11-3589-cv (L)
*J.S., S.S. on behalf of Z.S. v. Carmel Central School District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:     JOHN M. WALKER, JR.,
             DEBRA ANN LIVINGSTON,
             CHRISTOPHER F. DRONEY,
                          *Circuit Judges*.

_____

J.S., S.S. ON BEHALF OF Z.S.
             *Plaintiffs-Appellants-Cross-Appellees*,

-v.-                                    Nos. 11-3589-cv (Lead)  11-4827-cv(XAP)

CARMEL CENTRAL SCHOOL DISTRICT,
             *Defendant-Appellee-Cross-Appellant*.

_____

                    GARY S. MAYERSON, Mayerson & Associates, New York, New York, *for Plaintiffs-Appellants-Cross-Appellees*.

                    MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, New York, *for Defendant-Appellee-Cross-Appellant*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants-Cross-Appellees J.S. and S.S. on behalf of Z.S. ("J.S."), and Defendant-Appellee-Cross-Appellant Carmel Central School District ("Carmel") appeal from a judgment granting J.S.'s motion for reconsideration of attorneys' fees as the prevailing party in an administrative action under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* In the underlying administrative action, an Impartial Hearing Officer ("IHO") determined that Carmel denied a free and appropriate public education ("FAPE") to Z.S.; Carmel then appealed to the State Review Officer ("SRO"), who found the action moot. On October 21, 2010, J.S. filed a motion to compel Carmel to pay attorneys' fees in the district court. The issues on appeal are: (1) whether J.S. is the prevailing party; (2) whether the district court properly granted J.S.'s motion for reconsideration; and (3) whether the district court correctly determined J.S.'s attorney's rate. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

1.      Prevailing Party under the IDEA

We review a district court's grant of attorney fees under the IDEA for abuse of discretion, but we review any interpretation of the fee statute itself, including fee-shifting provisions, *de novo*. *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 73 (2d Cir. 2005). Carmel challenges the district court's determination that J.S. was the prevailing party under IDEA § 1415(i). *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) (2006) (authorizing a discretionary award of reasonable attorneys' fees to any prevailing party who is the parent of a child with a disability). Applying *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), our

Court requires "a prevailing party" to obtain a judicially sanctioned "material alteration of the legal relationship of the parties." *A.R. ex rel. R.V.*, 407 F.3d at 67 (internal quotation marks and citation omitted). An IHO decision on the merits constitutes "administrative imprimatur" sufficient to change the legal relationship between the parties and render the prevailing party eligible for an award of reasonable attorney's fees. *Id.* at 76.

In challenging the prevailing party determination, Carmel asserts that because the school district already paid for Z.S.'s private education for the 2007-2008 school year pursuant to IDEA's pendency provision, the IHO decision in May 2009 did not effect a material change between the parties. *See* 20 U.S.C. § 1415(j) (requiring the parties to maintain the child's then-current educational placement during the pendency of any proceedings). However, the IHO's determination on May 29, 2009 not only declared the 2007-2008 Individualized Education Plan ("IEP") inadequate, it also endorsed the ABA method utilized by Z.S.'s private school over the TEACCH program proposed by Carmel for Z.S.'s schooling. Though Z.S. was entitled to and received pendency for the 2008-2009 school year, the parties' disputes over the 2008-2009 and 2009-2010 school years were resolved one month after the SRO decision, when the parties agreed to transition Z.S. back to public school with a plan approved by all parties and supported with a transition plan from CCCD. Contrary to Carmel's assertions, the IHO decision declaring the 2007-2008 IEP inadequate effected a material change between the parties in connection with the subsequent negotiations.

Our Court recognizes a distinction between claims for tuition reimbursement pursuant to the pendency provision and claims for tuition reimbursement pursuant to an administrative determination that a school district has failed to provide a FAPE. *See Mackey ex rel. Thomas M.*

3

*v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160-61, *supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) (holding that though the school district's plan was adequate the parents were still entitled to tuition reimbursement under the pendency provision). Carmel claims that the IHO decision did not constitute a material alteration in the parties' legal relationship because of pendency, referencing *O'Shea v. Board of Education*, 521 F. Supp. 2d 284 (S.D.N.Y. 2007) ("*O'Shea II*"). *O'Shea II*, however, is inapposite.[1] Indeed, Carmel's argument that pursuit of relief before the IHO was unnecessary is belied by Carmel's own conduct in litigating the 2007-2008 decision through May 2009 at the IHO and then appealing to the SRO, all after paying for Z.S.'s private school attendance for the 2007-2008 school year pursuant to pendency requirements. Because the IHO decision declaring Carmel's 2007-2008 IEP inadequate was an administrative determination on the merits, and because the decision changed the relationship between the parties, J.S. is eligible for attorney fees as the prevailing party under the IDEA.

2.      Motion for Reconsideration

Carmel next argues that the district court erred by granting J.S.'s motion for reconsideration in connection with the fees it originally awarded. We review a district court's decision to grant a

---

[1] In *O'Shea II*, the district court declared the parents' request for attorney's fees moot as to the second of two back-to-back due process requests seeking relief from a school district's proffered IEP. The court determined that the second action was moot because the SRO's decision in the first action established the child's appropriate placement and, thus, the child's entitlement to pendency at least through the date of the SRO decisions, which were rendered one day apart and well after both school years had ended. *See O'Shea II*, 521 F. Supp. 2d 284 (S.D.N.Y. 2007). Without expressing a view as to the correctness of the holding in *O'Shea II*, the instant case is distinguishable in that there was no other simultaneous action that could have provided the parents with tuition reimbursement for the 2007-2008 school year. *O'Shea II*'s mootness holding is thus inapplicable to the present situation.

4

motion for reconsideration for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998); *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986). Under Rule 60(b), a district court may relieve a party from final judgment for mistake, newly discovered evidence, fraud, a void or discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court granted the motion for reconsideration based on an interim Second Circuit decision dictating the proper method for calculating attorney's fees, a Second Circuit decision affecting the lodestar rate for the particular attorney in question, and hours worked but not included in the initial calculations. We find no abuse of discretion in the district court's determination to grant 60(b) relief in light of these considerations.

3.      Calculation of Reasonable Attorney's Fees

Finally, J.S. argues that the district court awarded inadequate fees to his attorney by virtue of setting an hourly rate that was too low. We review a district court's grant of attorneys' fees under the IDEA for abuse of discretion. *A.R. ex rel. R.V.*, 407 F.3d at 73. In its decision reconsidering the prior attorneys' fees award, the district court utilized the lodestar approach set forth in *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (following *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010)). The lodestar is the "product of a reasonable hourly rate and the reasonable number of hours required by the case," and the district court has discretion to determine what constitutes a reasonable fee. *Id.* at 166 (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The district court considered the prevailing market rate in the community by drawing upon other Southern District of New York cases granting attorneys' fees to education law litigators, and the court also considered J.S.'s attorney's skills and expertise. We find no abuse of discretion in the district court's well-

5

reasoned determination to award $415 per hour to J.S.'s attorney nor in its conclusion that the complexity and novelty of the case would be reflected in the number of billable hours rather than in a lodestar adjustment.

***

We have considered all of the parties' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk