Sack, Circuit Judge:
Radha Geismann, M.D., P.C. ("Geismann") filed a class action complaint against ZocDoc, Inc. ("ZocDoc") in the United States District Court for the Southern District of New York, alleging that it[1] received unsolicited telecopies (colloquially and hereinafter "faxes") from ZocDoc in *537 violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq . After Geismann filed the complaint and moved for class certification, ZocDoc made a settlement offer to Geismann as to its individual claims pursuant to Federal Rule of Civil Procedure 68 ; Geismann rejected the offer. The district court (Louis L. Stanton, Judge ) dismissed the action for lack of subject matter jurisdiction, Radha Geismann, M.D., P.C. v. ZocDoc, Inc. , 60 F.Supp.3d 404 (S.D.N.Y 2014) (" Geismann I "), reasoning that the rejected offer rendered the entire action moot. The court therefore entered judgment in favor of Geismann. Geismann appealed. Relying in large part on the Supreme Court's decision in Campbell-Ewald Co. v. Gomez , --- U.S. ----, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016), we vacated the judgment and remanded the matter to the district court for further proceedings. See Radha Geismann, M.D., P.C. v. ZocDoc, Inc. , 850 F.3d 507 (2d Cir. 2017) (" Geismann II ").
On remand, ZocDoc attempted to use another procedural rule to settle Geismann's individual claims: ZocDoc requested and obtained leave from the district court to deposit funds in the court's registry pursuant to Federal Rule of Civil Procedure 67. The funds that ZocDoc deposited with the court represented what ZocDoc regarded as the maximum possible damages Geismann could receive for its individual TCPA claims. The district court agreed with ZocDoc that its deposit mooted Geismann's individual claim, and accordingly entered judgment in favor of Geismann and dismissed what remained of the action. Radha Geismann, M.D., P.C. v. ZocDoc, Inc. , 268 F.Supp.3d 599 (S.D.N.Y. 2017) (" Geismann III "). We conclude that this was error and return the case to the district court again for further proceedings.
BACKGROUND
The Complaint
Geismann, a Missouri professional corporation, alleges that it received from ZocDoc, a Delaware corporation, two unsolicited faxes advertising a "patient matching service" for doctors. See Corrected First Amended Class Action Complaint ¶¶ 8-9, at Joint Appendix ("J.A.") 3 & Exhibits A and B to the Corrected First Amended Class Action Complaint, at J.A. 17-18. Both faxes stated, in a legend at the bottom of the fax, that if the recipient wished to "stop receiving faxes," he or she could call the domestic telephone number provided. See Exhibits A and B to the Corrected First Amended Class Action Complaint, at J.A. 17-18.
In 2014, Geismann filed this putative class action against ZocDoc in Missouri state court, alleging that these faxes were unsolicited advertisements in violation of the TCPA, 47 U.S.C. § 227. The TCPA prohibits, inter alia , the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless" the sender and recipient have an "established business relationship," the recipient volunteered its fax number directly to the sender or through voluntary participation in a directory or other public source, or the fax meets specified notice requirements. Id. § 227(b)(1)(C). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." Id. § 227(a)(5). Geismann sought between $500 and $1,500 in statutory damages for each alleged TCPA violation, an injunction prohibiting ZocDoc from sending similar faxes in the future, *538 and costs.[2]
On the same day that it filed its complaint in state court, Geismann filed a separate motion for class certification pursuant to Missouri law. Geismann defined the proposed class as "[a]ll persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages of material advertising [a] patient matching service for doctors by or on behalf of Defendant." Radha Geismann, M.D., P.C. v. ZocDoc, Inc. , No. 14-cv-7009 (S.D.N.Y.), ECF No. 5, at 2.
On March 13, 2014, ZocDoc removed the action to the United States District Court for the Eastern District of Missouri. Two weeks later, ZocDoc made an offer of judgment to Geismann pursuant to Federal Rule of Civil Procedure 68[3] for: (i) $6,000, plus reasonable attorney's fees, in satisfaction of Geismann's individual claims, and (ii) an injunction prohibiting ZocDoc from engaging in the alleged statutory violations in the future. Geismann rejected ZocDoc's offer because it provided no relief to the other members of the class. ZocDoc subsequently moved to transfer the case to the United States District Court for the Southern District of New York. The district court granted ZocDoc's motion on August 26, 2014.
Geismann I Proceedings in the District Court
After the case was transferred to the Southern District of New York, ZocDoc moved to dismiss the complaint, primarily on the ground that its offer of judgment provided full satisfaction of Geismann's claim, so the action was moot. On September 26, 2014, the district court granted ZocDoc's motion to dismiss for lack of subject-matter jurisdiction, reasoning that, as to Geismann's individual claims, ZocDoc's Rule 68 offer "more than satisfies any recovery Geismann could make," so "there remain[ed] no case or controversy." Geismann I , 60 F.Supp.3d at 406-07. The court denied Geismann's motion for class certification, reasoning that Geismann could not adequately represent the class without a claim of its own. Id. at 407. The court accordingly entered judgment in the amount and under the terms of the rejected settlement offer, and dismissed the action as moot. Id.
Geismann timely appealed.
Geismann II
On January 20, 2016, after we held oral argument but before we issued a decision, the Supreme Court handed down its decision in Campbell-Ewald Co. v. Gomez , --- U.S. ----, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). Campbell-Ewald 's procedural posture was similar to the Geismann I appeal then before us: The plaintiff filed a putative TCPA class action and the defendant made a Rule 68 offer of judgment to satisfy the plaintiff's individual claims, which the plaintiff rejected. Id. at 667-68. The Supreme Court decided that the defendant's *539 unaccepted Rule 68 offer did not render the action moot because "[a]n unaccepted settlement offer-like any unaccepted contract offer-is a legal nullity, with no operative effect" on the plaintiff's individual claim. Id. at 670 (internal quotation marks omitted). With no settlement offer still operative, the Supreme Court reasoned, "the parties remained adverse" and "both retained the same stake in the litigation they had at the outset." Id. at 670-71. The Supreme Court further noted that "[w]hile a class lacks independent status until certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Id. at 672 (internal citation omitted). However, the Supreme Court left open the possibility that "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount," reserving that question "for a case in which it is not hypothetical." Id.
On February 1, 2016, while Geismann's appeal in Geismann II remained pending and after the Supreme Court issued its decision in Campbell-Ewald , ZocDoc filed a motion with the district court seeking to deposit a check in the amount of $6,100 payable to the clerk of the district court in satisfaction of judgment. The district court granted the request, reasoning that the Supreme Court's decision in Campbell-Ewald "favor[s] deposit of judgments with the Court" in these circumstances. Order for Deposit in Interest Bearing Account, filed February 3, 2016, at J.A. 19-20.
On March 9, 2017, we decided Geismann's appeal. See Geismann II , 850 F.3d 507. We vacated the district court's judgment and remanded the case for further proceedings. We concluded that "[i]n light of Campbell-Ewald , the district court's conclusion in this case that Geismann's claim was 'mooted by the amount and content of the Rule 68 offer made by ZocDoc' [was] incorrect." Id. at 512 (quoting Geismann I , 60 F.Supp.3d at 407 ). We explained that, notwithstanding ZocDoc's post-judgment deposit with the district court, the case did not "match[ ] the hypothetical posed by Campbell-Ewald ," reasoning that because ZocDoc's rejected offer of settlement had "no continuing efficacy," the deposit was made "pursuant to and in furtherance of a judgment that should not have been entered in the first place." Id. at 512, 514 (internal quotation marks omitted). We declined to say whether judgment entered on the basis of a deposit would be permissible. See id. at 514-15 & n.16. We further determined that Geismann's class claim should not have been dismissed because its individual claim remained alive. See id. at 515. We directed that, on remand, "[a]lthough the district court may, in its discretion, permit ZocDoc to deposit with the court 'any part of the relief sought,' " under Federal Rule of Civil Procedure 67, "the basis for so granting the defendant leave to deposit must not be inconsistent with this opinion." Id.
Geismann III Proceedings in the District Court
On April 26, 2017, ZocDoc filed a letter motion with the district court seeking leave to deposit an additional $13,900 with the court under Federal Rule of Civil Procedure 67, explaining that "ZocDoc hereby makes an open-ended offer to Geismann with no expiration date of a total of $20,000.00 (twenty thousand dollars) and for all individual injunctive relief Geismann seeks in the operative complaint."[4] J.A. 42.
*540 ZocDoc further urged that after depositing the funds, it would "seek to perfect the Campbell-Ewald hypothetical by filing a motion for summary judgment in which it will ask the Court to enter a judgment in favor of Geismann and against ZocDoc for the full amount of Geismann's individual claims and to dismiss the class allegations without prejudice." J.A. 43. Geismann rejected ZocDoc's offer, filed a letter opposing the motion to deposit, and urged the district court to proceed to consider class certification.
On July 28, 2017, the district court granted ZocDoc leave to deposit under Rule 67 and to file a motion for summary judgment. See Geismann III , 268 F.Supp.3d at 601. The district court reasoned that "[t]here is a consequential difference between on the one hand a defendant's offer of an adequate amount in an offer of judgment whose utility depends on its being timely accepted under principles of contract and Fed. R. Civ. P. 68, and on the other hand a tender ... which independently and fully satisfies a plaintiff's claim." Id. at 603-04. The district court then granted ZocDoc leave to deposit funds pursuant to Rule 67 because the deposit would enable ZocDoc to "make a cognizable, good-faith argument that this case should be terminated" on mootness grounds. Id. at 605.
On August 25, 2017, ZocDoc filed a motion for summary judgment, arguing that its deposit and acquiescence to injunctive relief had made Geismann's claim moot and that the district court should therefore enter judgment in Geismann's favor. Radha Geismann, M.D., P.C. v. ZocDoc, Inc. , No. 14-cv-7009, ECF No. 77, at 1-4 ("Geismann lacks standing because ZocDoc has tendered more than complete relief to Geismann and thus satisfied, or extinguished, Geismann's claim."). Geismann opposed ZocDoc's motion.
On September 25, 2017, the district court issued a two-page judgment granting ZocDoc's motion for summary judgment in favor of Geismann. The court ordered that, "[p]ursuant to this Court's Opinion and Order dated July 28, 2017," Geismann "shall recover from defendant ZocDoc, Inc. the sum of Twenty Thousand Dollars," and that ZocDoc is "enjoined, restrained, and forbidden from sending to plaintiff any faxes of any nature without express written prior approval from Plaintiff." Judgment at 1, J.A. 108. The district court further ordered that Geismann's motion for class certification and "all claims asserted on behalf of a purported class, are dismissed without prejudice for [Geismann's] lack of standing to represent or belong to the class." Id. at 2, J.A. 109. The district court directed the clerk to mail a check to the plaintiff in the amount due and to close the case. This timely appeal followed.[5]
DISCUSSION
On appeal, Geismann challenges the district court's orders insofar as they permitted ZocDoc to deposit funds pursuant to Rule 67, granted ZocDoc's motion for summary judgment, and dismissed Geismann's motion for class certification. As noted above, the district court based all three decisions on its conclusion that ZocDoc's *541 Rule 67 deposit rendered Geismann's action moot. The focus of our analysis is on whether that conclusion was correct.
We begin with the Supreme Court's decision in Campbell-Ewald . The question before it was whether "an unaccepted offer to satisfy the named plaintiff's individual claim [is] sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a class of persons similarly situated." 136 S.Ct. at 666. As the Seventh Circuit later observed, "nothing in this question [was] necessarily limited to a settlement offer presented pursuant to Federal Rule of Civil Procedure 68." Fulton Dental, LLC v. Bisco, Inc. , 860 F.3d 541, 544 (7th Cir. 2017). Rather, as the Seventh Circuit noted, id. , the Supreme Court relied on a fundamental principle of contract law: An unaccepted offer is not binding on the offeree. Based on this principle, the Court concluded that the defendant's "settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." Campbell-Ewald , 136 S.Ct. at 670. Like the Seventh Circuit, we see no material difference between a plaintiff rejecting a tender of payment (pursuant to Rule 67 ) and an offer of payment (pursuant to Rule 68 ). Indeed, other than their labels, once rejected, the two do not differ in any meaningful way: In each case, "all that exists is an unaccepted contract offer, and as the Supreme Court recognized, an unaccepted offer is not binding on the offeree." Fulton Dental , 860 F.3d at 545.
Moreover, a key factor underlying the Supreme Court's holding in Campbell-Ewald was that the plaintiff "remained emptyhanded" once the defendant's Rule 68 settlement offer expired. 136 S.Ct. at 672. An unaccepted offer provides a plaintiff "no entitlement ... to relief," so "the parties remained adverse; both retained the same stake in the litigation they had at the outset." Id. at 670-71. In other words, "a lawsuit-or an individual claim-becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation." Chen v. Allstate Ins. Co. , 819 F.3d 1136, 1144 (9th Cir. 2016) (emphasis in original); see also Gibson v. Brooks , 175 F. App'x 491, 491 (2d Cir. 2006) (summary order) ("Because the only relief sought by plaintiff is a remand for a new trial, and because plaintiff has already received the benefit of a retrial ..., we hold that plaintiff's appeal is moot and must be dismissed." (emphasis in original) ).
The deposit of funds in the district court registry, without more, leaves a plaintiff "emptyhanded" because the deposit alone does not provide relief to him or her. "The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties." LTV Corp. v. Gulf States Steel, Inc. of Ala. , 969 F.2d 1050, 1063 (D.C. Cir. 1992) ; see also Alstom Caribe, Inc. v. George P. Reintjes Co. , 484 F.3d 106, 113 (1st Cir. 2007) ("The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto."). Indeed, on its face, Rule 67"is just a procedural mechanism that allows a party to use the court as an escrow agent." Fulton Dental , 860 F.3d at 544. It does not itself determine who is entitled to the money.
Rule 67 explicitly permits a party to deposit money "whether or not that party claims any of it" and directs that the funds be held in accordance with other statutory provisions, Fed. R. Civ. P. 67, including those that require the funds to be "deposited ... in the name and to the credit of *542 [the] court" and that permit their withdrawal only "by order of court," 28 U.S.C. §§ 2041, 2042. These provisions make clear that a party's deposit of funds with the court does not entitle another party to collect those funds.
In short, the Rule 67 procedure "is nothing like a bank account in the plaintiff's name-that is, an account in which the plaintiff has a right at any time to withdraw funds." Fulton Dental , 860 F.3d at 545 ; cf. Campbell-Ewald , 136 S.Ct. at 672 (leaving open hypothetical where defendant deposits full amount "in an account payable to plaintiff " (emphasis added) ). By itself, then, ZocDoc's deposit of funds cannot be considered to have rendered Geismann's individual claims moot.
We also doubt that mootness is the correct legal concept to employ in analyzing the effect of ZocDoc's Rule 67 deposit. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Local 1000 , 567 U.S. 298, 307, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012) (internal quotation marks omitted). By this standard, ZocDoc's Rule 67 deposit, by itself, could not have rendered Geismann's action moot. Geismann began this suit seeking damages and an injunction; after ZocDoc's deposit, Geismann had not yet "actually receive[d]" any funds, and although ZocDoc offered to submit to an injunction, it had not committed to stop sending the offending faxes.[6] Chen , 819 F.3d at 1144-46 (observing that expression of willingness to be enjoined does not mean plaintiff "received relief on his individual injunctive claim"). At that point in the litigation, the district court could still provide these remedies-and did so when it subsequently entered judgment in Geismann's favor on September 25, 2017. That judgment, which stipulated that a specified amount of damages should be paid and that an injunction should be entered, "is quintessentially a ruling on the merits of a case." Fulton Dental , 860 F.3d at 543. Accordingly, Geismann's individual claims could not have been "mooted" prior to that time by the Rule 67 deposit.
While Rule 67 itself does not affect the vitality of a plaintiff's claims, those claims may of course become moot in other ways. Our decisions appear to recognize that where a defendant surrenders to "complete relief" in satisfaction of a plaintiff's claims, the district court may enter default judgment against the defendant-even without the plaintiff's agreement thereto-and "[t]hen, after judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." Tanasi v. New Alliance Bank , 786 F.3d 195, 200 (2d Cir. 2015) (emphasis in original); see also Cabala v. Crowley , 736 F.3d 226, 228 (2d Cir. 2013) (describing this process as "the typically proper disposition" under such circumstances); McCauley v. Trans Union, L.L.C. , 402 F.3d 340, 342 (2d Cir. 2005) ("[A] [default] judgment would remove any live controversy from this case and render it moot.") This resolution recognizes, in part, a district court's discretion to "halt a lawsuit by entering judgment for the plaintiff when the defendant *543 unconditionally surrenders and only the plaintiff's obstinacy or madness prevents [it] from accepting total victory." Genesis Healthcare Corp. v. Symczyk , 569 U.S. 66, 85, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) (Kagan, J., dissenting); see also McCauley , 402 F.3d at 342 (recognizing plaintiff "is not entitled to keep litigating [its] claim simply because [the defendant] has not admitted liability"). But, a district court may not take that approach unless the defendant surrenders to the "complete relief" sought by the plaintiff, Tanasi , 786 F.3d at 200 (emphasis added), and "a judgment satisfying an individual claim does not give a plaintiff ... exercising [its] right to sue on behalf of other[s] ... 'all that [it] has ... requested in the complaint (i.e. , relief for the class),' " Genesis Healthcare , 569 U.S. at 85, 133 S.Ct. 1523 (Kagan, J., dissenting) (quoting Deposit Guaranty Nat. Bank v. Roper , 445 U.S. 326, 341, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (Rehnquist, J., concurring) ); see Chen , 819 F.3d at 1147 (noting previous Supreme Court decisions' observation that a named plaintiff retains a "personal stake in obtaining class certification").
That is the case here. Even if the district court first entered judgment-enjoining ZocDoc from further faxes and directing the clerk of court to send Geismann a check for $20,000-and thereafter deemed Geismann's claims moot, that resolution would not have afforded Geismann complete relief. By rejecting the settlement offer and returning the clerk's check, Geismann effectively stated that its suit "is about more than the statutory damages to which it believes it is entitled; it is also about the additional reward that it hopes to earn by serving as the lead plaintiff for a class action. Nothing forces it to accept [ZocDoc's] valuation of the latter part of the case." Fulton Dental , 860 F.3d at 545. Indeed, as Campbell-Ewald states, "a would-be class representative with a live claim of [its] own must be accorded a fair opportunity to show that certification is warranted." Campbell-Ewald , 136 S.Ct. at 672 (emphasis added).
We therefore conclude that the district court must resolve the pending motion for class certification before entering judgment and declaring an action moot based solely on relief provided to a plaintiff on an individual basis. If the motion is granted,[7] the class action may proceed. A conclusion otherwise would risk placing the defendant in control of a putative class action, effectively allowing the use of tactical procedural maneuvers to thwart class litigation at will. See Roper , 445 U.S. at 339, 100 S.Ct. 1166 ("Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions[.]").
For these reasons, we conclude that ZocDoc's Rule 67 deposit did not provide Geismann with an entitlement to complete relief and therefore did not render its TCPA claim moot. The district court should not have entered judgment based on ZocDoc's deposit, nor should it have dismissed Geismann's action. The fact that Geismann's claim is not moot means both that its own claim is still viable and that the door remains open for possible class certification.
CONCLUSION
We have considered the parties' remaining arguments on appeal and find them to be without merit. For the foregoing reasons, we VACATE the judgment of the *544 district court and REMAND for further proceedings.

Because the plaintiff is "Radha Geismann, M.D., P.C. ", we refer to the plaintiff as "it" rather than "she" or "her."

The TCPA includes a private right of action for injunctive relief and damages in the amount of "actual monetary loss" or "$500 ... for each such violation, whichever is greater," to be tripled at the court's discretion if the defendant "willfully or knowingly violated" the statute. 47 U.S.C. § 227(b)(3).

Rule 68 provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is accepted, "either party may then file the offer and notice of acceptance, plus proof of service," at which time the clerk must enter judgment. Id. A party's decision not to accept a Rule 68 offer of judgment comes with consequences: if the judgment that the offeree ultimately obtains is not more favorable than the unaccepted offer, the offeree is on the hook for the offeror's post-offer costs. Id. 68(d).

ZocDoc argued in the letter motion that although its "original deposit of $6,100.00 is enough to fully satisfy Geismann's individual monetary claims, ZocDoc has made the $20,000.00 offer to remove any possible argument that Geismann may be entitled to more." J.A. 42.

After the notice of appeal was filed, on October 5, 2017, the clerk sent a check by overnight mail to Geismann, but Geismann rejected payment and returned the check to the clerk's office. The district court subsequently directed the clerk to invest the returned funds in an interest-bearing account.

We view ZocDoc's Rule 67 deposit as similar in certain respects to an accord pursuant to the doctrine of accord and satisfaction. We have explained that "[a]n agreement of one party to give, and another party to accept, in settlement of an existing or matured claim, a sum or performance other than that to which he believes himself entitled, is an accord," and "[t]he execution of the agreement is a satisfaction." May Dep't Stores Co. v. Int'l Leasing Corp. , 1 F.3d 138, 140 (2d Cir. 1993). An accord and satisfaction is an affirmative defense, but does not by itself render a case moot. See Fed. R. Civ. P. 8(c)(1) (recognizing accord and satisfaction as an affirmative defense).

Ultimately subject, of course, to a possible appeal to this Court.