23-1006-cv
*Scheff v. Banks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges.*

---

Chani Scheff, individually and as Parent and
Natural Guardian of A.S.,

> *Plaintiff-Appellant*,

> v.                                                                                23-1006-cv

David C. Banks, in his official capacity as the
Chancellor of New York City Department of
Education, and New York City Department of
Education,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:               Rory J. Bellantoni, Brain
                                       Injury Rights Group, Ltd.,
                                       New York, NY.

FOR DEFENDANTS-APPELLEES:               Richard Dearing, Claude S.
                                        Platton, and Lorenzo Di Silvio

*for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Plaintiff-appellant Chani Scheff brought this action on behalf of herself and her minor child, A.S., against defendants-appellees the New York City Department of Education (the "DOE") and its Chancellor, David C. Banks. According to Scheff, the DOE failed to provide A.S. with a free appropriate public education ("FAPE") for the 2022–2023 school year ("ESY"), as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* In this federal action, Scheff sought an order that would require defendants-appellees to pay for A.S.'s placement at a private special education school for the 2022–2023 ESY during the pendency of underlying IDEA administrative proceedings in New York State. The district court (Engelmayer, *J.*) declined to enter such an order and instead awarded summary judgment to the defendants-appellees. Scheff appealed the summary judgment decision. Now, the defendants-appellees move to dismiss that appeal as moot in light of subsequent events. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision.

*              *              *

Before this litigation began, A.S. attended a DOE-approved special education preschool. In March 2022, however, Scheff unilaterally removed A.S. from that school and enrolled her at a

2

different school called the International Institute for the Brain ("iBRAIN"). A few months later, on August 4, she filed an administrative due process complaint ("DPC") in New York, alleging that the DOE had failed to provide A.S. with a FAPE for the 2021–2022 and 2022–2023 ESYs and seeking an order that would require the DOE to fund A.S.'s placement at iBRAIN for the 2022–2023 ESY during the pendency of the DPC proceedings. In an order dated August 30, 2022 (the "Pendency Order"), a New York State impartial hearing officer ("IHO") granted Scheff's request for pendency payments and thus directed the DOE to pay for "services rendered" by iBRAIN to A.S. from the filing of the DPC until its resolution. App'x at 133.

Scheff then filed the instant action in the United States District Court for the Southern District of New York on September 6, 2022,[1] asking that court to issue an injunction requiring the DOE to comply with the Pendency Order immediately. Scheff sought preliminary relief to that effect, but the district court denied that request on October 4. Scheff filed an interlocutory appeal of that decision the following day.

In April 2023, the parties cross-moved for summary judgment before the federal district court. On June 27, 2023 – just three days before this panel was scheduled to hear oral argument in Scheff's interlocutory appeal – the district court denied Scheff's motion for summary

---

[1] A few days before Scheff filed her federal suit, the DOE indicated its intention to appeal the IHO's Pendency Order to a state review officer ("SRO"), and it timely noticed such an appeal on October 7. Scheff filed her federal complaint without waiting for the SRO's resolution of that appeal, apparently assuming that the DOE would not comply with the Pendency Order while the appeal to the SRO was pending; in her view, "the DOE seldom implements such orders in a timely fashion." App'x at 15. Eventually, on November 10, the SRO reversed the IHO's Pendency Order, and Scheff accordingly amended her federal complaint to seek review of the SRO's decision, along with enforcement of the original Pendency Order. Those developments are immaterial to our analysis of the mootness issues and are included here only in the interest of thoroughness.

judgment and granted the defendants-appellees' motion, concluding that the defendants-appellees were not required to fund A.S.'s placement at iBRAIN during the pendency of the DPC proceedings. *See Scheff v. N.Y.C. Dep't of Educ.*, 680 F. Supp. 3d 354, 369 (S.D.N.Y. 2023). The district court entered final judgment on July 5, 2023, and Scheff noticed an appeal of that judgment on July 7. A few weeks later, on July 25, we dismissed Scheff's interlocutory appeal as moot in light of the district court's entry of final judgment but directed the Clerk of the Court to assign Scheff's July 7 appeal of the final judgment to this panel. *See Scheff v. Banks*, No. 22-2439-cv, 2023 WL 4715174, at *3 (2d Cir. July 25, 2023). The Clerk of the Court did so shortly thereafter.

Meanwhile, the DPC proceedings continued. On September 28, 2023, the IHO issued a final order in those proceedings, concluding in pertinent part that the DOE denied A.S. a FAPE for the 2022–2023 ESY and requiring the DOE to pay for A.S.'s placement at iBRAIN for that year (the "Final Order"). The Final Order specifically directed the DOE to pay for the costs of A.S.'s "tuition" at and "transportation" to iBRAIN during the relevant time. Decl. in Supp. of Appellees' Mot. to Dismiss, Ex. A at 52. But, due to an oversight by the IHO, the decretal language of the Final Order did not require the DOE to pay for any nursing expenses for that same time, even though the substance of that order explained that the lack of nursing services was part of the DOE's failure to provide A.S. a FAPE. As a result of that oversight, on September 29, the IHO issued a corrected order (the "Corrected Final Order") that specifically required the DOE to pay for nursing expenses, as well.

A few months later, on December 8, 2023, the parties jointly stipulated to withdraw the instant appeal of the federal district court's final judgment, but reserved Scheff's right to

4

reinstate the appeal by December 29. Over the next several weeks, the parties sought and received a number of extensions of Scheff's deadline to reinstate the appeal. Eventually, on February 12, 2024, Scheff submitted a timely notice of reinstatement, and we reinstated the appeal the same day.

Scheff's interest in the present appeal evidently returned only after the DOE failed to provide her with everything that she believed she was owed under the IHO's Corrected Final Order in the underlying administrative proceedings. Specifically, although the DOE paid Scheff for all tuition and transportation costs for the 2022–2023 ESY, it did not reimburse Scheff for any nursing expenses. In the DOE's view, it was not required to do so. The DOE contends that the IHO's *original* Final Order is the only operative final order because (1) New York law allows an IHO to issue a corrected order only to fix minor, typographical errors, and (2) the addition of nursing expenses to the decretal language of the Corrected Final Order constituted a major substantive change to the original Final Order. In any event, neither the DOE nor Scheff ever appealed the IHO's original Final Order or the Corrected Final Order to a state review officer, nor did either party ask the federal district court in this case to review either of those orders. Scheff's current appeal to this Court, therefore, has nothing to do with either version of the IHO's final merits order resolving the DPC. Instead, Scheff's federal lawsuit concerns only the validity of the *Pendency* Order.

On February 16, 2024, the defendants-appellees moved to dismiss the appeal. They argue that since they have already paid A.S.'s tuition and transportation costs for the 2022–2023 ESY (as required by the Final Order), Scheff's appeal of the Pendency Order (which sought the same payments) is now moot. In response, A.S. principally contends that her appeal is not moot

5

because she still has not received payments for any nursing expenses for the 2022–2023 ESY. As explained below, because Scheff sought only an injunction to enforce the Pendency Order, which has since been effectively superseded by the IHO's final ruling in the DPC proceedings, we conclude that this appeal is now moot.

"In general, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Ruesch v. Comm'r of Internal Revenue*, 25 F.4th 67, 70 (2d Cir. 2022) (quoting *Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994)). "Typically, no live controversy remains where a party has obtained all the relief 'she could receive on the claim through further litigation.'" *Id.* (quoting *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018)). This Court is obliged "to ensure that developments in the case have not rendered [an] appeal moot." *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007). Thus, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *Id.* (quoting *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006)).

Here, Scheff's IDEA litigation has progressed such that the core issue that originally divided the parties in this appeal – whether the DOE was required to foot the bill for A.S.'s placement at iBRAIN for the 2022–2023 ESY – is no longer a live one. At this point, with the merits of the underlying IDEA dispute resolved, the defendants-appellees have acknowledged that the DOE must pay for the child's placement for that year. Thus, nothing that the district court resolved in its summary judgment opinion is of any continuing relevance in this case.

Moreover, now that the underlying IDEA proceedings have ended in Scheff's favor, we can no longer grant Scheff any effectual relief. Scheff's requested relief was an injunction that

6

would require the defendants-appellees to "implement all aspects of the IHO Pendency Order" as that order pertained to the 2022–2023 school year. App'x at 17. The Pendency Order, in turn, required the DOE "to fund [A.S.'s] pendency placement [at iBRAIN] from August 4, 2022, through the resolution of the student's due process complaint." App'x at 133. Thus, if we did hear the appeal and held in Scheff's favor, the most that we could do would be to direct the district court to enter Scheff's requested injunction, which would require the defendants-appellees to pay for A.S.'s placement at iBRAIN for the 2022–2023 ESY. But since a subsequent, unchallenged order from the IHO already requires the DOE to pay for that placement, any injunction in this case would be redundant.

Of course, as the parties' motion briefs make plain, they do have an ongoing disagreement of some sort – whether the Final Order or the Corrected Final Order is the operative one and, as a result, whether the DOE must pay for nursing expenses. But that disagreement is not and cannot be before us in this appeal because neither party administratively exhausted the relevant issues, let alone presented them to the district court. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020) ("The IDEA requires that any available administrative remedies be exhausted before a lawsuit is filed in federal court."); 20 U.S.C. § 1415(i)(2)(A). In fact, that disagreement had not even arisen when the district court issued the decision currently before us on appeal.[2] Thus, for all those reasons, this appeal

---

[2] Indeed, by the time the district court issued its summary judgment decision, the only categories of expenses that Scheff had expressly mentioned in her federal case were tuition and transportation expenses. She never asked the district court for the nursing expenses that have since become the focus of the parties' dispute.

concerning the Pendency Order has become moot.[3]

Scheff argues that, even if her appeal is moot, we should still hear it because the issues are capable of repetition but evading review. That argument fails. "The Supreme Court has 'recognized an exception to the general rule regarding mootness dismissals in cases that are capable of repetition, yet evading review.'" *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 84–85 (2d Cir. 2005) (alterations omitted) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). The exception applies where both of two circumstances exist: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 85 (alterations omitted) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Here, even assuming that Scheff has met the first requirement of the exception, she does

---

[3] We emphasize that the factual circumstances of this case are unique. This is not a case in which the parent won a pendency order from the IHO but *lost* on the merits of the underlying IDEA dispute, such that the pendency order contained the only award of a particular kind of relief. *See, e.g.*, *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163–66 (2d Cir. 2004), *supplemented by* 112 F. App'x 89, 91–92 (2d Cir. 2004) (holding that a school district's individualized education program was adequate, but that the parents were nonetheless entitled to reimbursement on a pendency basis). Nor is this a case where the pendency order and merits order involved materially different educational services, such that a parent's success on the merits order is of no relevance to the ongoing applicability of the pendency order. *See, e.g.*, *T.M. ex rel. A.M. v. Cornwell Cent. Sch. Dist.*, 752 F.3d 145, 160, 170–71 (2d Cir. 2014) (reviewing an appeal of a district court's IDEA merits decision regarding two 2010 individual education programs and a cross-appeal of the district court's pendency decision regarding a materially different 2009 individual education program). And finally, this is not a case where the parties appealed *both* the pendency order and the merits order, such that we could review each of them and determine which, if either, entitled the parent to relief. *See, e.g.*, *id.* Instead, in this case, the IHO required the DOE to pay for A.S.'s 2022–2023 placement at iBRAIN in *both* the Pendency Order and the final merits order, and the final merits order conclusively settled that issue, as it was never appealed. The only lingering dispute concerns which of the two versions of the final merits order controls, but, as explained above, that dispute is not properly before us.

not meet the second. Scheff has not shown that the dispute over A.S.'s pendency is "reasonably likely" to recur, and the "theoretical and speculative possibility" that the same parties would be subjected to the same action again is insufficient. *Id.* at 87.

Therefore, the appeal is moot and no exception to the normal rule requiring dismissal of moot cases applies. We have considered Scheff's remaining arguments and find them to be without merit. Therefore, it is hereby ORDERED that the appellees' motion is GRANTED, and the appeal is DISMISSED. It is further ORDERED that the district court's judgment (S.D.N.Y., No. 22-cv-7579, doc. 59) is VACATED and the matter is REMANDED with instructions to dismiss the complaint as moot. *See Hassoun v. Searls*, 976 F.3d 121, 125 (2d Cir. 2020); *Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001); *see also Lillbask*, 397 F.3d at 92.

            FOR THE COURT:
            Catherine O'Hagan Wolfe, Clerk of Court